GERTRUDE SPENCER v. HARRY SPENCER.[1]

January 5, 1906.)

Nos. 14,644—(204).

**Support of Children—Divorce of Parents.**

> The legal obligation of a father for the support of his minor children is not impaired by a decree of divorce at the suit of his wife for his misconduct, which gives the custody of the children to her, but is silent as to their support. If under such circumstances he refuses or neglects to support them, she may recover from him in an original action a reasonable sum for necessaries furnished by her for their support after such decree. The law implies a promise on his part to pay for such necessaries.

Appeal by plaintiff from an order of the district court for Ramsey county, Orr, J., denying a motion for a new trial, after a trial and findings in favor of defendant. Reversed.

[1]Reported in 105 N. W. 483.

*O. H. Comfort,* for appellant.

*Humphrey Barton,* for respondent.

START, C. J.

This action was brought in the district court of the county of Ramsey, by the divorced wife of the defendant, against him to recover for money paid by her for the support of their minor son and to secure some provision for his future support. The cause was tried by the court without a jury, and judgment ordered for the defendant on the merits as a conclusion of law from the facts found. The plaintiff appealed from an order denying her motion for a new trial.

The complaint alleged that on September 22, 1892, the parties were married; on May 11, 1895, a son was born to them; on August 20, 1895, the defendant deserted and abandoned his wife and child; that on May 14, 1898, the marriage between the parties was dissolved, and the care and custody of their son awarded to the mother by the judgment of the district court of the county of Saguache in the state of Colorado, in an action then pending in which the wife was plaintiff and the husband was defendant; that the plaintiff has supported the son ever since they were abandoned by the defendant, and has necessarily expended for such purpose the reasonable sum of $1,984, which the defendant promised to pay to the plaintiff, but has not. The answer admitted the marriage, birth of the son, and that the marriage was dissolved by a decree of divorce, but denied the other allegations of the complaint.

There was very little conflict in the evidence on the trial, except on the issue as to the defendant's alleged express promise to pay for the support of the child. On this issue the trial court found for the defendant, and being of the opinion that, inasmuch as the decree of divorce awarded the custody of the child to the mother and was silent as to his maintenance, the father was not legally bound to support the child; hence the law would not imply a promise on his part to pay for necessaries furnished for the child. This presents the pivotal question in this case; for, if such be the law, the court was right in denying the plaintiff any relief.

The facts established by the admissions of the parties in the pleadings and on the trial, and by the undisputed evidence, are these: The defendant deserted his wife and child on August 20, 1895, when his child was a little more than three months old; that the defendant has ever since been a resident of Minnesota, and has contributed nothing for the support of his child; that on May 14, 1898, the plaintiff obtained a divorce from him for his misconduct in the state of Colorado, and by the decree the custody of the child was awarded to her, but it was silent as to the maintenance of the child; that from her earnings as a household domestic the plaintiff has supported the child, who for the last three or four years has been afflicted with tuberculosis of one of his hips and is obliged to use crutches; that she came with the child to Minnesota about the beginning of the year 1905, and by her attorney made a demand upon the defendant for payment for supporting the child; and, further, that the defendant never owned any real estate, from which fact it may be inferred that he had no property in the state of Colorado at the time the divorce was granted, as he was then a resident of Minnesota, and presumably had his personal property with him.

The question presented by these facts is whether, under the circumstances stated, the law will imply a promise on the part of the defendant to pay for necessaries furnished to his minor son by his mother. It is well settled that, if a decree of divorce is silent as to the custody of the children, the liability of the father to the divorced mother for the support of the children is the same as his liability to any other person, who furnishes them necessaries for their support. The law in such case will imply a promise on his part to pay for such necessaries, where he has refused or neglected to furnish them. 2 Nelson, Div. & Sep. § 982; 9 Am. & Eng. Enc. (2d Ed.) 871; 14 Cyc. 812. Where, however, the decree of divorce awards the custody of the minor children to the mother, but is silent as to their maintenance, there is a serious conflict of judicial opinion as to the father's liability for their support. A number of the adjudged cases hold that the father is not liable for the support of the children of the marriage, where the decree of divorce has granted their custody to the wife, but contains no provision for their support. 2

Nelson, Div. & Sep. § 983; 9 Am. & Eng. Enc. (2d Ed.) 872. The following cases, with others, support this proposition: Hall v. Green, 87 Me. 122, 32 Atl. 796, 47 Am. St. Rep. 311; Brow v. Brightman, 136 Mass. 187; Brown v. Smith, 19 R. I. 319, 33 Atl. 466, 30 L. R. A. 680; Ramsey v. Ramsey, 121 Ind. 215, 23 N. E. 69, 6 L. R. A. 682; Hampton v. Allee, 56 Kan. 461, 43 Pac. 779; Cushman v. Hassler, 82 Iowa, 295, 47 N. W. 1036.

The reason urged in support of this rule is that the awarding of the custody of the children to the mother deprives the father of their services, and that support and service are in such a case reciprocal, and that the mother, to whom the custody of children is awarded, must, unless the decree provides otherwise, support them. This is not a good reason; for, if the divorce is granted for the father's misconduct, it is his wrongful act that deprives him of their services, and not the court, which intervenes for the protection of the children. Another reason urged is that the court, where it has awarded the custody of the children to the mother without expressly providing for their support, is presumed to have made all of the provisions for their support that it was necessary; hence the decree is conclusive as to the obligations of the husband, unless modified in proceedings had in the original action. It would seem, if the court omits to make in its decree any provision for the support of the children, that the presumption would be that the court deemed it best to leave the matter of the support of the children to rest upon the father's legal liability to support them until its further order in the premises.

Again, in cases where the husband deserts his family in one state and becomes a resident of another state, leaving no property in the state where he left his wife and children, and where she commences an action against him for a divorce for his wrong, the court would have jurisdiction of the wife, of the marriage status, and of the custody of the children, but not of the husband or his property. It would be impracticable to make and impossible to enforce any decree as to the support of the children in such a case. Thurston v. Thurston, 58 Minn. 279, 59 N. W. 1017. If in such a case the decree awards the custody of the children to the mother, but is

silent as to their support, can it be presumed, in favor of the rec-
reant husband, that the court determined that no order as to main-
tenance was necessary, and that it was intended to free the husband
from his natural and legal obligation to support his children? We
cannot concur in the doctrine of the cases which so hold.

Upon principle, and the weight of judicial authority, we hold that
the legal obligation of a father for the support of his minor children
is not impaired by a decree of divorce at the suit of his wife for his
misconduct, which gives the custody of the children to her, but is
silent as to their support. If, under such circumstances, he refuses
or neglects to support them, the mother may recover from him in
an original action a reasonable sum for necessaries furnished for
their support after such decree. The law implies a promise on his
part to pay for such necessaries. 2 Bishop, Mar., Div. & Sep. §
1223; 14 Cyc. 812; Pretzinger v. Pretzinger, 45 Oh. St. 452, 15 N.
E. 471, 4 Am. St. Rep. 542; Zilley v. Dunwiddie, 98 Wis. 428, 74
N. W. 126, 40 L. R. A. 579, 67 Am. St. Rep. 820; Gibson v. Gibson,
18 Wash. 489, 51 Pac. 1041, 40 L. R. A. 587; Holt v. Holt, 42 Ark.
495; Courtright v. Courtright, 40 Mich. 633; Stanton v. Willson,
3 Day, 37, 3 Am. Dec. 255; Plaster v. Plaster, 47 Ill. 290.

The reasons upon which this proposition rests are well stated in
a leading case (Pretzinger v. Pretzinger, supra), in which the court
said: "The duty of the father to provide reasonably for the main-
tenance of his minor children, if he be of ability, is a principle of
natural law; and he is under obligation to support them, not only
by the laws of nature, but by the laws of the land. * * * This
natural duty is not to be evaded by the husband so conducting him-
self as to render it necessary to dissolve the bonds of matrimony
and give to the mother the custody and care of the infant offspring.
It is not the policy of the law to deprive children of their rights on
account of the dissensions of their parents, to which they are not
parties, or to enable the father to convert his own misconduct into
a shield against parental liability. * * * While in the decree
no order was made for the child's maintenance, the father could not
avoid liability for his reasonable support because an action against
him for necessaries had been commenced in another tribunal, or be-

cause of his removal into another county. The natural obligation resting upon him in the forum of divorce would not become lifeless because its enforcement was not sought in the jurisdiction in which the divorce was granted."

Another leading case in support of this proposition is that of Zilley v. Dunwiddie, supra, in which the court said: "We think the case of Pretzinger v. Pretzinger, and other similar cases, indicate the true rule, and that they are in accordance with sound principles of public policy."

Mr. Bishop expressly approves of the rule, and the reason of these cases, in words following: "There have been differences of opinion, amounting in some instances to a stumbling on the not-thought-of rock as to the effect of a decree simply giving the custody to the wife, yet silent as to the maintenance. * * * We have one case (Brow v. Brightman, supra) in which the court decided that because, after the decree, he had no right either to take the child and support it himself, or to employ any one else to support it, without the mother's consent, he was not answerable for necessaries furnished by a third person. But it was his own wrong that deprived him of the custody; and it is fundamental, equally in our law and in natural reason, that no one can cast off an obligation by refusing to keep it, or any duty by any evil doing. Therefore a better reasoned case (Pretzinger v. Pretzinger, supra) holds that the duty of support is not to be evaded by the husband so conducting himself as to render it necessary to dissolve the bonds of matrimony and give to the mother the custody and care of the infant offspring." 2 Bishop, Mar., Div. & Sep. § 1223.

The case of Fulton v. Fulton, 52 Oh. St. 229, 39 N. E. 729, 29 L. R. A. 678, 49 Am. St. Rep. 720, cited by the defendant, is not in point; for the divorce in that case was granted to the husband for the misconduct of the wife.

It follows that the plaintiff, upon the admitted facts and uncontradicted evidence, was entitled to recover from the defendant such reasonable sum as she may have necessarily paid for the support of their son, and that the trial court erred in denying her any relief. Whether in this action she is entitled to have the court provide by

its judgment for the future support of the child is a question we are not able to determine with precision, for the reason that the record does not disclose, except by inference, whether the Colorado court had jurisdiction of the defendant and his property. It is undoubtedly true that if the divorce had been granted in this state, and the court in which the action was pending had jurisdiction of the person and property of the parties, the application for such relief would have to be made in the original action. G. S. 1894, § 4809. But, if the Colorado court had no jurisdiction of the person of the defendant or of any of his property, the court in this action, having jurisdiction of both parties, could in the exercise of its equitable powers grant such relief. It would be futile to send the plaintiff back to Colorado, when her husband and his property are in this state, to a court that has no jurisdiction of him. Thurston v. Thurston, supra.

Order reversed and new trial granted.