[Civ. No. 2681.    Second Appellate District.—July 3, 1918.]

## HARRY W. GOODALL, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SANTA BARBARA et al., Respondents.

Contempt—Annulment of Unwarranted Order—Writ of Review.—An unwarranted order adjudging one guilty of contempt may be annulled upon a writ of review.

Id.—Violation of Injunction—Dismissal of Proceedings—Lack of Ground—Annulment of Order.—Where in a proceeding instituted by the beneficiary under a judgment granting an injunction, the disobedience of which is made to appear, the court without any ground therefor denies to such beneficiary the process of the court, which constitutes the only means of enforcing the judgment, such order should be annulled.

Id.—Affirmative Allegations in Affidavit—Trial.—Affirmative allegations contained in an affidavit of the defendant in contempt proceedings for the disobedience of an injunction cannot be deemed established without a trial to determine the issues so joined.

Id.—Act Constituting Crime—Statute of Limitations.—When an act sought to be punished constitutes a crime, the court may by analogy adopt the limitation prescribed by statute for criminal prosecutions.

Id.—Violation of Injunction—Flow of Water—Time for Contempt Proceedings.—The beneficiary under a judgment perpetually enjoining the obstruction of a flow of water is not barred from instituting contempt proceedings against a person violating the injunction by failure to bring the proceedings within a particular time, unless the obstruction has continued under circumstances and for a period of time from which a grant so to do would be implied.

Id.—Delay of Four Years—Proceeding Not Barred by Laches.—The failure to bring contempt proceedings until after the obstruction had continued for four years did not in itself constitute laches.

Id.—Right to Institute Proceedings—Matters Not Affecting.—The willingness of the beneficiary under a judgment restraining the obstruction of a flow of water to waive his rights thereunder provided the person violating the judgment would pay the expense of protecting his land from overflow, and his motive in instituting contempt proceedings to compel such payment, does not affect the rights to institute such contempt proceedings.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District to annul an order dismissing a contempt proceeding.

The facts are stated in the opinion of the court.

Kuster & Salisbury, and S. A. McNeil, for Petitioner.

G. H. Gould, for Respondents.

SHAW, J.—A writ of review was issued herein upon a petition wherein this court is asked to annul an order dismissing a proceeding instituted in the trial court to have one Mrs. Lora J. Moore adjudged guilty of contempt for the disobedience of a judgment enjoining her from doing the acts of which petitioner complains.

The proceeding was instituted by the filing of an affidavit setting forth the fact that in the year 1908, in a certain action wherein petitioner was plaintiff and certain persons were defendants, a judgment was rendered in favor of petitioner and against the defendants perpetually enjoining them and their assigns, as the owners of a certain tract of land, from obstructing the natural flow of water in its usual course through a certain creek that extended across said tract of land which adjoined a parcel of land owned by plaintiff; that subsequent to the date of said judgment Mrs. Moore, by mesne conveyances, obtained title to said tract of land and at all times since her acquisition thereof has been in possession of the same; that some time subsequent to June, 1913, Mrs. Moore, as owner of said tract of land through which the waters of said creek flowed, erected and caused to be erected across said stream and upon the land so acquired and owned by her certain concrete walls, dams, and bridges, by reason whereof the waters of said creek were obstructed and diverted from their natural and accustomed course and caused to back-flow upon and across the lands of petitioner, to his irreparable damage and injury; that prior to the doing of said acts, and ever since, Mrs. Moore had knowledge of the existence of said perpetual injunction enjoining her predecessors in interest in said land and their assigns from doing the acts complained of; that Mrs. Moore has at all times, with full knowledge of said injunctive order, refused to obey the same or to remove said walls, dams, and obstructions.

Upon the filing of the affidavit the court issued an order requiring Mrs. Moore to show cause why she should not be punished as for a contempt of court for disobedience of the order contained in said judgment so rendered in the action

wherein her predecessors in interest in said land were defendants. In compliance with this order she filed an affidavit, alleging affirmatively, among other things, as grounds why she should not be adjudged guilty of contempt, first, that petitioner was guilty of laches, "in this, that it appears by said affidavit that said plaintiff was cognizant of all the acts of said Lora J. Moore complained of in said affidavit for over four years before the issuance of said order to show cause"; and further, that petitioner caused to be made an estimate of the cost of labor and material which would be required in protecting his land from damage due to the obstruction of said stream by Mrs. Moore, and informed her that the cost thereof would be the sum of three thousand five hundred dollars, and demanded that she should pay said amount to plaintiff; "and affiant is informed and believes that these contempt proceedings are undertaken to enforce said payment of three thousand five hundred dollars from affiant to plaintiff." Other matters of an affirmative character, as constituting ground why defendant should not be punished for the acts committed, are averred in the affidavit. On the return day specified in said order to show cause and upon the presentation of the affidavit of Mrs. Moore, the court requested counsel for the respective parties to submit authorities upon the question of the sufficiency of the demurrer filed by Mrs. Moore, saying that in the event the demurrer was sustained, the proceedings would be dismissed, and that in case it was overruled, the matter would be set down for hearing on its merits. Thereafter the court, without further hearing, made an order as follows: "It appearing to the court that the petitioner has been guilty of laches to such an extent as to cause this court to believe that this contempt proceeding ought not to have been inaugurated, and it further appearing from the affidavit of Mrs. Lora J. Moore, and the admissions made by the attorney for the petitioner, that this proceeding was inaugurated for the purpose of compelling Mrs. Lora J. Moore to pay to the petitioner money which he claims she ought to pay to him. It is ordered that the contempt proceedings in said action inaugurated against Mrs. Lora J. Moore, named in the affidavit of Harry W. Goodall as Mrs. Laura J. Moore, be and the same is hereby dismissed."

That an unwarranted order adjudging one guilty of contempt may be annulled upon a writ of review is conceded. The converse of the rule is likewise true. Hence where, in a proceeding instituted by the beneficiary in a judgment granting an injunction the disobedience of which is made to appear, the court without any ground shown therefor denies to such beneficiary the process of the court, which constitutes the only means of enforcing the judgment, such order should be annulled, since otherwise the judgment solemnly pronounced would be an idle act.

In considering the order dismissing the proceedings we are not concerned with the affirmative allegations contained in Mrs. Moore's affidavit. Conceding the facts averred therein, if true, were sufficient to exonerate her from the charge, no trial to determine the issues so joined was had, and without such trial the affirmative allegations cannot be deemed established. (*In re Buckley*, 69 Cal. 1, [10 Pac. 69].) The grounds upon which the court made the order are, first, that petitioner had been guilty of laches; and, second, that it appeared from Mrs. Moore's affidavit "and admissions made by the attorney for petitioner," that the proceeding was instituted to compel Mrs. Moore to pay petitioner money which he claimed she ought to pay to him. As to the first ground, respondent insists that because, as shown by the petition, petitioner did not invoke the power of the court in protecting his rights until the lapse of four years after the erection of the walls and dams which obstructed the flow of water, his right to such means of enforcing the judgment is barred by laches. It is quite true that when an act sought to be punished constitutes a crime, the court may by analogy adopt the limitation prescribed by statute for criminal prosecutions. (*Gordon* v. *Commonwealth*, 141 Ky. 461, [133 S. W. 206]; *Beattie* v. *People*, 33 Ill. App. 651.) This principle, however, has no application to the instant case, for the reason that the acts complained of did not constitute a crime. The injunctive order was perpetual, and if the acts of Mrs. Moore in obstructing the flow of water in the creek continued for four years constituted a disobedience thereof, petitioner was entitled to proceed against her in contempt proceedings at any time, subject to her right to plead a continuance of the obstruction under circumstances and for a period of time from which a grant so to do would be im-

plied. Moreover, laches is an equitable defense depending upon the circumstances of each case. Conceding, but by no means holding, that in a case of this character one might, short of the time in which the law would imply a grant, lose his right to invoke the aid of the court by instituting contempt proceedings, the petition is wholly barren of any facts tending to show that petitioner was guilty of laches. As indicated in Mrs. Moore's affidavit, the delay might be fully explained by the fact that negotiations involving a continuance of the obstruction and means of protecting petitioner's property from overflow due to the same were pending for a considerable period of the four years.

The other ground upon which the order is based is that it appeared from the affirmative fact stated in Mrs. Moore's affidavit (as to which there was no proof) and admissions made by the attorney for petitioner (whether in court or on the street, is not made to appear), that the proceeding was instituted to compel her to pay to petitioner money which he claimed she ought to pay. As appears from Mrs Moore's affidavit—and we assume counsel's admission was of like import—petitioner had expressed a willingness to waive his right to enforce the judgment upon condition that Mrs. Moore would defray the expense of constructing necessary walls to protect his property from damage due to the obstruction erected by her in the creek, which she refused to pay. Conceding this to be true and that petitioner was willing, in consideration of the payment of such sum, to forego the fruits of his judgment, neither such fact nor petitioner's motive in legally invoking the aid of the court to enforce a lawful judgment could affect his rights thereunder.

Respondent further claims that since the court had jurisdiction of the matter the making of the order, even though unwarranted, must be deemed mere error committed within the exercise of its jurisdiction, and hence cannot be reviewed in this proceeding. From the very nature of the writ, this is true where the order is based upon a conflict of evidence touching the subject. Where, however, the power to make the order depends upon the existence of facts as to which, as here, there is no evidence whatever, the question presented is one of law and subject to review by direct attack on a writ of *certiorari.* (*Great Western Power Co.* v. *Pillsbury,* 170 Cal. 180, [149 Pac. 35], and cases cited.) The record

discloses no evidence whatever tending to establish facts upon which the court was warranted in divesting itself of jurisdiction to try the proceeding.

The order is annulled.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 29, 1918.