STATE v. CHARLES W. WASHNESKY.[1]

January 13, 1933.

No. 29,288.

[1] Reported in 246 N. W. 366.

*Jenswold, Jenswold & Dahle,* for appellant.

*Henry N. Benson,* Attorney General, *Harry E. Boyle,* County Attorney, *Bert W. Forbes,* City Attorney, and *John F. Ball,* Assistant City Attorney, for the state.

DIBELL, J.

The defendant was prosecuted in the municipal court of Duluth for failure properly to support a minor child under 16. He appealed from the judgment of conviction. The statute, G. S. 1923 (2 Mason, 1927) § 10136, provides:

"Every man who, without lawful excuse wilfully fails to furnish proper food, shelter, clothing or medical attendance to his wife, such wife being in destitute circumstances; and every person having legal responsibility for the care or support of a child who is under sixteen years of age and unable to support himself by lawful employment, who wilfully fails to make proper provision for such child, is guilty of a misdemeanor. But if any person convicted under this section gives bond to the state, in such amount and with such sureties as the court prescribes and approves, conditioned to furnish the wife or child with proper food, shelter, clothing, and medical attendance for such a period, not exceeding five years, as the court may order, judgment shall be suspended until some condition of the bond is violated. The bond may, in the discretion of the court, be conditioned upon the payment of a specified sum of money at stated intervals. Upon the filing of an affidavit showing the violation of any of the conditions of the bond, the accused shall be heard upon an order to show cause, and, if the charge be sustained, the judgment shall be executed. * * *"

The complaint alleges that on February 15, 1932, at Duluth, in St. Louis county, the defendant failed to make proper provision for his infant child then three years old. The trial was without a jury. The court found the defendant guilty as charged and committed him to the county workhouse for 40 days.

The defendant was married on April 15, 1917. The parents of the defendant and his wife were farmers living near Carlton in Carlton county. In September, 1930, the defendant and his wife were living together in Duluth. At that time the wife's father was sick, and he with his wife went to California; and the wife of the defendant took the child, deserted her husband, and went with her parents. Her father died in February, 1931, and she and her child returned to Carlton a few days afterwards. Later she and her mother moved to Duluth. She did not live with the defendant afterwards. She commenced an action for divorce, alleging cruel and inhuman treatment, in May, 1931. She was allowed temporary alimony and custody of the child. Judgment was entered against her on November 25, 1931. Nothing was provided in the decree concerning the custody of the child.

There is evidence that the child was in need of clothing at the time alleged in the complaint, February 15, 1932. He was not suffering, for the wife's mother had a limited income upon which she and her daughter and the child lived. The child's mother was without earning capacity.

The legal duty of support was cast upon the defendant, and he did not respond to it. We gather from the evidence that he was of the view that when the child was in the custody of its mother he was not obliged to support it, though he would support it in the home of his parents, or would support it if his wife would return with the child to him, or if its custody were given him he would give it support somewhere. It goes without saying that the personal custody of the child by the mother is proper. She will not live with her husband. Just what the trouble between them is the record does not show, nor are we concerned to know. As early as the time when they came back from California she had determined not to live with him again. Her husband was not informed of her return. She is positive that she will not live with him under any circumstances. She is unwilling that the custody of the child be with him. The husband is rather grudgingly permitted to see the child once in two weeks. The defendant at times brought the child

clothing and made him presents of money. The mother says: "I don't talk to him only when I have asked him for money."

The law as stated by Judge Taylor in Jacobs v. Jacobs, 136 Minn. 190, 199, 161 N. W. 525, 529, L. R. A. 1917D, 971, is this:

"The children are not responsible for the unfortunate differences which have caused the estrangement and separation of the parents and ought not to suffer therefrom. Their rights do not depend upon the degree of culpability of one or the other parent, and their needs must be provided for, whether the existing conditions have been brought about by the fault of one or the other or of both parents."

And see State v. Sweet, 179 Minn. 32, 228 N. W. 337; Beilfuss v. State, 142 Wis. 665, 126 N. W. 33; People v. Pfister, 134 Misc. 696, 236 N. Y. S. 589; Bennefield v. State, 80 Ga. 107, 4 S. E. 869; Bowen v. State, 56 Ohio St. 235, 46 N. E. 708.

The defendant is of the view that unless he is given the opportunity to support his child at a place chosen by him he cannot be convicted under G. S. 1923 (2 Mason, 1927) § 10136. He has support in some of the cases. Butler v. Commonwealth, 132 Va. 609, 110 S. E. 868, 23 A. L. R. 861; State v. Anderson, 189 Mo. App. 611, 175 S. W. 259; Preston v. State, 106 Neb. 848, 184 N. W. 925; People v. House, 259 Ill. App. 27. He must learn that this is not the law of Minnesota and that our law is correctly stated in Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L. R. A. 1917D, 971.

The defendant is in the employ of the city of Duluth as an engineer at $126.35 per month in steady employment. He has been through bankruptcy twice. He has no back bills and no property.

Sending the defendant to the workhouse and away from a steady job may not result beneficially to his wife. That is not a factor of importance here. We have only to find whether the evidence sustains the finding of a violation of the statute, and it does. The punishment was imprisonment. Under authority of the statute it may be mitigated.

Judgment affirmed.

STONE, J. (concurring).

Very reluctantly I concur in the result. Obviously correct is the handling of the law by Mr. Justice Dibell. But one cannot help feeling that defendant, his statutory duty aside, has been more sinned against than sinning. If after the case has been remanded defendant is in a position to make good his duty to support his child to the extent and in a manner meeting with the approval of the court below, it is to be hoped that a way can be found to relieve him from the imprisonment meted out by the judgment, which if enforced will very likely have the effect of rendering the defendant unable, in honest fact, to contribute to the support of his child.

