## SIDES *v.* PITTMAN.

(Division B. Oct. 16, 1933.)

[150 So. 211. No. 30714.]

**W. W. Magruder,** of Starkville, for appellant and cross-appellee.

752

**A. L. Ford,** of Ackerman, for appellee and cross-appellant.

Argued orally by **W. W. Magruder,** for appellant.

**Ethridge, P. J.,** delivered the opinion of the court.

Mrs. Eula Sides Pittman, formerly the wife of Henry Sides, obtained a divorce from him on March 20, 1914, and also a judgment for fifty dollars attorney's fees, and twenty dollars a month alimony for the support of herself and two children, then minors seven and five years old respectively. On June 13, 1914, she married one —— Pittman, and no steps were taken to enforce the payment of attorney's fees or the alimony awarded until August 2, 1932, when a motion for contempt of court against the appellant, Henry Sides, for failure to pay the alimony so awarded by the court, and also various writs of garnishment were issued, and a writ of execution was issued on the decree rendered in 1914.

The appellant, Henry Sides, answered the motion for contempt and moved to discharge it, setting up that the appellee was guilty of laches in regard to her rights to collect said alimony; and also alleging that he had no notice of the judgment for alimony. The appellant also moved the court to modify, if necessary, the judgment awarding alimony because of the facts that the appellee had remarried, and that the children had become of age. The appellant contended the right of action was barred by the statute of limitations, and that the court had no

authority to award any judgment against appellant on the motion in the contempt proceedings.

The court below held that the appellant had received no notice of the judgment against him for alimony, and that he was not in contempt for failure to pay same; and adjudged that Mrs. Pittman was only entitled to recover alimony for the last seven years just immediately prior to August 1, 1932, aggregating two thousand thirty-seven dollars.

It appears that the two minor children were supported by their maternal grandfather for the ten-year period after the rendition of the decree, and after that time the appellee paid all their expenses, schooling, etc., until they became of age, and that the oldest, a daughter, is now married and has a child of her own. It also appears, that, about five years after the appellee married Pittman, she secured a divorce from him, and earned her own living as a trained nurse, and supported her two children with her earnings after the ten-year period in which her father had supported them had expired.

In Hollis v. Bryan, 143 So. 687, we held that a wife there suing for alimony was barred, being guilty of laches, from recovering installments due more than seven years before the rendition of the judgment; that, where a wife does not demand alimony within the seven-year period, she is guilty of laches and cannot recover. There was no appeal, in that case, from the judgment allowing the alimony within the seven-year period.

In this case there was a question as to whether a wife divorced from her husband, and who has remarried, is entitled to alimony after her remarriage. In our opinion, when a wife remarries, a new status is created which relieves the former husband from further duty to support her. She, in effect, elects to take support from her second husband, and we do not think the law contemplates that she shall marry again, and then have her former husband support her and relieve her last husband from that duty.

In Bowman v. Worthington, 24 Ark. 522, the court said that: "When the wife seeks a divorce a vinculo, and marries again, she fixes upon the new husband the obligation to support her."

In Stillman v. Stillman, 99 Ill. 196, 39 Am. Rep. 26, the court said: "On her subsequent marriage, she simply abandons the provision which the law humanely made for her, for a support which she has a right to expect she will receive from her second husband. That is precisely the case as to alimony. The divorced wife abandons the provision made for her support out of the estate of her former husband by the decree of the court, for that adequate support which she contracts for by the subsequent marriage."

In Morgan v. Lowman, 80 Ill. App. 558, the court said: "Where a divorced wife remarries, the divorced husband is absolved from the burdens of a decree requiring him to pay alimony. She has a vested right only in that which has accrued up to the date of the second marriage. It is her privilege to abandon the provision which the decree of the court makes for her support by entering into marriage with another man, thereby seeking her support from another direction, but when she does so the law will require her to abide her election"—citing the cases of Stillman v. Stillman, and Bowman v. Worthington, supra. See, also, Carlton v. Carlton, 87 Fla. 460, 100 So. 745.

There are a few cases holding to the contrary, that a wife who is remarried has not lost her right to alimony, McGill v. McGill, 101 Kan. 326, 166 Pac. 501, and others of like import; but we do not think they are sound, and we will not follow them.

It is contrary to the principles of justice to require a former husband to support the wife of a later husband. As long as a divorced wife does not remarry, the decree for alimony may operate if it is not barred by laches or limitation.

In the decree in the case at bar, it is manifest that the

principal part of the decree for alimony was for the wife, but the children's support was also included, and they have since become of age, and, as the appellee permitted them to become of age without taking steps to enforce the decree, herself furnishing the means for their support, her former husband is only her debtor for the amount she reasonably advanced for their support, and this could not be determined under the original decree, but would have to be brought in a separate suit.

It follows from what we have said that the decree of the court below will be reversed and the cause dismissed.

Reversed and dismissed.