# McCARTNEY v. SUPERIOR COURT OF OKMULGEE COUNTY et al.

No. 29696.     April 2, 1940.

*101 P. 2d 245.*

C. E. B. Cutler, of Okmulgee, for petitioner.

A. N. Boatman, of Okmulgee, for respondent.

CORN, J. This is an original proceeding in this court by the plaintiff in a divorce action for a writ of prohibition against the superior court of Okmulgee county, and Honorable Harland A. Carter, judge thereof, to prohibit said court and the said judge from asserting further jurisdiction in said divorce case, and particularly to prohibit contempt proceedings against him on account of past due installments ordered by the court in the decree for child support, the said minor child having now attained her majority.

The undisputed facts in the case are that the minor child for whose support the payments were ordered has attained her majority, and that the payments sought to be enforced by contempt proceedings accrued during her minority.

The question involved is one of jurisdiction. Does the court retain its jurisdiction to enforce these payments, or did its jurisdiction terminate by operation of law when the minor reached the age of majority?

The court derives its jurisdiction with respect to children of divorced parents from section 671, O. S. 1931, sec. 1277, title 12, O. S. A., which is as follows:

"When a divorce is granted, the court shall make provision for guardianship, custody, support and education of the *minor children* of the marriage, and may modify or change any order in this repect, whenever circumstances render such change proper either before or after final judgment in the action."

The language of the statute expressly limits the jurisdiction of the court to

make provision for guardianship, custody, support, and education of children of divorced parents to *minor* children only. Nor is it contended that this jurisdiction extends beyond the child's minority, except that the respondent is contending for a continuing jurisdiction over the defendant to the extent only of coercing compliance with the order as to unpaid installments accruing prior to attainment of majority.

Counsel cite no cases, and we find none, wherein this court has passed upon the precise question involved in this case, but it is obvious from the language of the statute that the jurisdiction of the court to punish for contempt terminates with the child's attaining majority.

It appears from the record in this case that the divorce was granted to the husband, on account of the fault of the wife, on October 18, 1924, and the custody of infant daughter was awarded to her mother, the defendant, and the plaintiff was ordered to pay the defendant $25 per month for the support of said child. It also appears that the plaintiff, the petitioner herein, had not made any payments pursuant to said order since January 1, 1927, a period of 13 years. There is no indication in the record that the custodian of the child had at any time during that period invoked the jurisdiction of the court to compel him to comply with the order or to determine his ability to do so.

Prohibition is the proper remedy where an inferior tribunal assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force. Tucker et al. v. District Court, 108 Okla. 198, 235 P. 610; Payne Co. Treas. v. Speakman, Judge, 96 Okla. 170, 221 P. 9; State ex rel. Morrell v. Worten, District Judge, 161 Okla. 132, 17 P. 2d 425; First National Bank of Seminole et al. v. Henshaw, Judge, 169 Okla. 53, 35 P. 2d 946.

The writ of prohibition is granted.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and DAVISON, JJ., concur.