LOWRY v. LOWRY.

No. 29773.   Oct. 14, 1941.

Rehearing Denied Nov. 18, 1941.

*118 P. 2d 1015.*

E. Blumhagen, of Watonga, for plaintiff in error.

Falkenstine & Fisher, of Watonga, for defendant in error.

ARNOLD, J. This is an appeal from the district court of Blaine county. The parties will be referred to herein as they appeared in the trial court.

On April 3, 1925, the district court of Blaine county entered an order requiring the defendant to pay the sum of $200 per annum "to be used by the plaintiff for the support, care and education of the two minor children." The record discloses that the defendant did not comply with said order, and at the time the youngest child reached majority there was due under said order the sum of $2,000. Both of the children were of age at the time the application for citation was filed and the order of attachment for contempt issued.

The trial resulted in a jury verdict of guilty of indirect contempt, and the court entered judgment thereon and ordered that the defendant be confined to jail for a period of 90 days unless he purged himself of the contempt by payment of the sum of $2,000. From this verdict and judgment, the defendant appeals.

Though the evidence in this case amply supports the determination of the jury and trial judge that the failure of the defendant to pay as ordered by the court for the support and maintenance of his minor children was malicious and willful, failure to pay accrued installments after all of said children reached their majority cannot be enforced by a contempt proceeding.

The order of April 3, 1925, required the defendant to pay the sum of $200 per annum for the support of the two minor children. Even though not expressly set forth therein, such order terminated on the day the youngest child attained majority. Section 671, O. S. 1931, 12 Okla. St. Ann. § 1277.

Civil contempt proceedings terminate when the suit in which the contempt arose is abated or finally disposed of. Eastman v. Dole, 213 Ill. App. 364. See, also, 17 C.J.S. § 68. The same is true on reversal of the action. Salvage Process Corp. v. Acme Tank Cleaning Process Corp., 86 F. 2d 727. Also, an order of commitment until alimony is paid falls when a judgment of dismissal is entered in the divorce suit. In re R. F. Fanning, 40 Minn. 4, 41 N. W. 1076. The above is based on the theory that the civil contempt proceedings in such cases are for the private benefit of a party or for the sole purpose of coercing the payment of money to a private individual, and are remedial in their nature. Ex parte Plaistridge, 68 Okla. 256, 173 P. 646.

The purpose of the order in this case was the support of the minor children. This purpose has been accomplished, and the matter of the care and custody of the minor children is finally disposed of. The force and life of the order expired on the date the youngest child attained majority. It makes no difference whether the one directed to pay has fully complied with such order or not, insofar as enforcing same by contempt proceedings. We hold, therefore, that the

trial court does not have jurisdiction to enforce its order to pay child support by contempt proceedings on accrued unpaid installments commenced after the child has reached majority. McCartney v. Superior Court, Okmulgee Division, Okmulgee County, 187 Okla. 63, 101 P. 2d 245.

This does not mean, however, that the plaintiff is barred from proceeding to collect such accrued unpaid installments. Adair v. Superior Court, 44 Ariz. 139, 33 P. 2d 995, 94 A.L.R. 328. She is entitled to restitution for the moneys expended by her for the care and support of the children so ordered to be paid by the defendant. After the children have attained majority, an execution may be issued by order of the court to collect the unpaid balance of such child support money after such balance has been determined and a final judgment entered therefor. Doak v. Doak, 187 Okla. 507, 104 P. 2d 563.

The judgment of the trial court finding the defendant guilty of indirect contempt must, therefore, be reversed with directions that any subsequent proceedings in said cause shall be in conformity with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and HURST and DAVISON, JJ., concur. RILEY, OSBORN, BAYLESS, and GIBSON, JJ., absent.