KELLY v. HOOD.

No. 30297. Nov. 4, 1941.

*118 P. 2d 1016.*

Bishop & Bishop, of Seminole, for plaintiff in error.

Reily & Reily, of Shawnee, for defendant in error.

PER CURIAM. This cause was tried on appeal from the justice of peace court to the county court on an agreed statement of fact to the effect that the plaintiff owed the defendant for room rent as an innkeeper and left in her possession certain wearing apparel; that when the plaintiff brought an action in replevin the judgment was entered for the defendant on the ground that the defendant had an innkeeper's lien under the provisions of section 10967, O. S. 1931, 42 Okla. St. Ann. § 39. It was also agreed that the defendant was an innkeeper.

The sole question is the alleged error of the trial court in holding that the apparel was not exempt under section 1645, O. S. 1931, 31 Okla. St. Ann. § 4. We are of the opinion, and hold, that the trial court reached the proper conclusion and that the judgment should be affirmed. In 28 Am. Jur. page 627, Innkeepers, § 127, it is stated that the fact that the property is exempt from execution or sale under judicial process does not of itself render it not subject to the lien of an innkeeper or similar proprietor; and a statute giving innkeepers and keepers of boarding houses and lodging houses a lien upon the baggage and other personal effects of boarders and lodgers has been held not to contravene a constitutional provision for exemption of certain personal property from attachment or sale.

A case directly in point is Swann v. Bourne, 47 Iowa, 501, 29 Am. Rep. 492, in which plaintiff attempted to recover a coat, alleging that he was the head of a family and that the coat was exempt as wearing apparel. Therein the court sustained the innkeeper's lien. See, also, Singer Mfg. Co. v. Miller, 52 Minn. 516, 21 L.R.A. 229, in which it is stated that the fact that the property of the guest is exempt from execution will not exempt it from the lien of the proprietor of a hotel or inn. In Tomson v. Lerner, 37 N. M. 546, 25 P. 2d 209, the court said:

"Rarely does a lodger bring anything into a hotel except wearing apparel, and, under section 48-101, if the exemption could be claimed as to the wearing apparel belonging to the transient tenant or lodger in a hotel or inn, and because the lien granted to innkeepers is not within the enumerated exceptions as against a claim for exemption, such lien granted by the statute to innkeepers would be worthless."

It appearing that the trial court reached the correct conclusion in holding that the action in replevin was not good against the possession of the defendant, the judgment of the trial court is in all respects affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, GIBSON, DAVISON, HURST, and ARNOLD, JJ., concur. BAYLESS, J., absent.