EUGENIA H. HAUGEN v. OSCAR J. SWANSON.[1]

June 21, 1946.

No. 34,207.

[1]Reported in 23 N. W. (2d) 535.

204

See, 219 Minn. 123, 16 N. W. (2d) 900.
*Walter P. Wolfe,* for appellant.
*Arthur E. Giddings,* for respondent.

PETERSON, JUSTICE.

Plaintiff sues to recover for the reasonable value of past support furnished by her to the child of the parties from the date of its birth on January 12, 1932, to that of the commencement of this action in April 1943, and for an allowance for future support payable on monthly basis. The defense was inability to pay. There were findings for defendant, and plaintiff appeals.

On May 7, 1931, defendant was granted a divorce from plaintiff. The judgment contained no provision for alimony or for an allowance for the support of the child, which was born about seven months after entry of judgment. Defendant's paternity of the child was established in Haugen v. Swanson, 219 Minn. 123, 16 N. W. (2d) 900.

Plaintiff has supported the child since its birth out of her separate earnings with no contribution of any sort from defendant. The evidence establishes that she provided a good home for the child and that the support furnished was of the reasonable value of about $50 per month. The trial court found, and there is no assignment of error challenging the finding, that defendant did not have sufficient ability to provide for the child's support.

The evidence shows that defendant is a farmer. In 1935, he purchased under contract for deed a 120-acre farm. The purchase price was $3,600, of which $300 was paid when the contract was signed. During the ten years after he purchased it (the trial was in 1945), he paid thereon $593, of which $293 was interest and $300 principal.

For a time he worked in various war plants. His income from such work was used to pay for needed farm equipment. He has heart trouble, which compelled him to quit his job as a war-plant worker and to hire help to do his farm work. There was a small house on the farm, which he rented for from $15 to $25 per month. His gross income was from about $1,600 to $1,750 per year. His gross expenses for hired help amounted to $1,440. The trial court found: "that defendant is obliged to pay a housekeeper $30.00 per month and keep, and has had to pay a housekeeper said amount the past two years; that defendant is obliged to pay a hired man $90.00 per month and keep." He is indebted in the amount of $1,200 to a bank, which holds a chattel mortgage on his personal property. He has other debts, and is going deeper in debt. While there is no finding that he has no credit, it clearly appears that he is without credit and financial resources. In short, he is a poor farmer making a scanty living from his farming operations. His equity in the farm is so small as to be a doubtful asset. If taken from him, he would become a public charge as a pauper. He lacks financial ability to pay and the physical ability to earn money with which to pay for the child's support.

The case has proceeded upon the assumption that the duty of the father of a minor child to provide for the child's support is unaffected by the father's divorce from the child's mother, where, as here, the divorce judgment contains no provision for the child's support; that the liability extends to a child born after the divorce; that the liability is a *quasi contractual* one imposed by law; that the father's liability for support of his minor child after divorce from its mother is in no way dependent upon the question of whether the divorce was granted because of the fault of the child's mother; and that, where the father is liable for his minor child's support, the mother is entitled to recover from him the reasonable value of necessaries furnished the child. The question here is whether under the circumstances found by the trial court it was defendant's duty as the father of the minor child in question to provide for its support.

■ It is the duty of the father of a minor child to support it if he is able to do so. In re Guardianship of Soltis, 177 Minn. 571, 573, 225 N. W. 896, 897; Spencer v. Spencer, 97 Minn. 56, 60, 105 N. W. 483, 484, 2 L.R.A.(N.S.) 851, 114 A. S. R. 695, 7 Ann. Cas. 901; In re Besondy, 32 Minn. 385, 387, 20 N. W. 366, 367, 50 Am. R. 579; Dennis v. Clark, 2 Cush. (Mass.) 347, 48 Am. D. 671; Furman v. Van Sise, 56 N. Y. 435, 15 Am. R. 441; 2 Kent's Com. (13 ed.) pp. 191-192; 39 Am. Jur., Parent and Child, § 36. See, State v. Strong, 192 Minn. 420, 256 N. W. 900; State v. Johnson, 216 Minn. 427, 13 N. W. (2d) 26, 155 A. L. R. 23; Jackson v. Jackson, 168 Minn. 196, 209 N. W. 901; Laff v. Laff, 161 Minn. 122, 200 N. W. 936. As between the parents, the father is under the primary duty of supporting their minor children, and the mother, where the children lack means to support themselves, a secondary one. In re Besondy, *supra;* Zilley v. Dunwiddie, 98 Wis. 428, 74 N. W. 126, 67 A. S. R. 820, 40 L. R. A. 579. The father of a child will not be relieved of liability to support it except where his inability to do so clearly appears. It is the father's duty to do the best he can to support the child in the manner suitable to his station and circumstances. State v. Langford, 90 Or. 251, 176 P. 197, citing State v. McPherson, 72 Wash. 371, 130 P. 481, Ann. Cas. 1914D, 587. Where, however, the father is unable to support his minor child, he is not liable. The father's ability to support his child measures and conditions his liability to do so. Maitlen v. Maitlen, 44 Ind. App. 559, 89 N. E. 966; Annotations, 52 L.R.A.(N.S.) 1155; Ann. Cas. 1913E, note, p. 930; 17 Am. Jur., Divorce and Separation, § 693, note 10. Some of the cases cited were proceedings in contempt to punish a defaulting father for wilful and contumacious refusal to pay according to a judgment or order, and decision turned on that factor, as in Jackson v. Jackson and Laff v. Laff. The other authorities cited, however, lay down the rule as stated. We have reiterated the rule in the Soltis, Spencer, and Besondy cases.

Here, because defendant (the father) lacked ability to support the child and the child was without means to support itself, the duty to support the child fell on plaintiff (the mother), who dis-

charged the duty with credit to herself. Mothers generally have found a way to provide for their children. As the New York court said in Furman v. Van Sise, *supra,* where the question concerned a widowed mother's duty to support her children (56 N. Y. 439, 15 Am. R. 444) :

"\* \* \* To the credit of mothers it may be remarked that little will be found in the books in relation to enforcing the duty of taking care of their infant children after the death of the father, owing, doubtless, to the fact that the strong maternal affection provided by nature has been adequate to secure the performance of this duty."

Our conclusion is that the father's inability to support the child is a defense to the claim for past support furnished.

While plaintiff also sued for an allowance for future support of the child, she has not pressed the question on appeal either by assigning error on the trial court's refusal to make such an allowance or by arguing the question either in the brief or orally. It is sufficient to say that any point with respect to that question is waived by failure to urge it on the appeal.

Affirmed.