## MARIE L. LIEDER (FORMERLY STRAUB) v. JOY J. STRAUB.[1]

March 31, 1950.

No. 35,048.

*Stacker & Stacker* and *George G. Chapin,* for appellant.
*D. D. Daly,* for respondent.

LORING, CHIEF JUSTICE.

This was an action in the district court of Ramsey county on a Wisconsin divorce decree for unpaid installments awarded plaintiff for the support of two minor children. The court found for plaintiff, and judgment was ordered giving plaintiff the right to enforce the judgment by extraordinary remedies. On motion, the court struck from the order for judgment the right to enforce it by extraordinary remedies. Plaintiff appeals from the judgment entered pursuant to the amended order.

[1]Reported in 42 N. W. (2d) 11.

In 1926, plaintiff and Joy Straub were divorced in Wisconsin. The decree ordered defendant to pay $12 per week for the support of his minor children, born September 25, 1918, and December 30, 1919. In March 1939, the Wisconsin court fixed the balance of unpaid installments at $1,700. Subsequently, on January 30, 1941, after the children had reached their majority, that court found that only $40 had been paid on the arrearages. Defendant failed to pay any part of the balance of $1,660.

Plaintiff brought suit in Minnesota for $1,660 and accrued interest. Defendant admitted the right of plaintiff to obtain a money judgment, but denied her right to enforce this judgment by extraordinary remedies, particularly by contempt proceedings. After a trial on the merits, the district court ordered judgment on December 29, 1948, for plaintiff in the sum of $1,660, with interest, together with the right to enforce the judgment by all the remedies available under the laws of Minnesota for the enforcement of orders, judgments, and decrees requiring payments of alimony or support money in actions for absolute divorce. Defendant moved to strike out that part of the order for judgment which gave plaintiff the right to enforce her judgment by extraordinary remedies, and the court granted the motion.

The sole issue presented to this court is whether plaintiff has a right to an extraordinary remedy such as contempt proceedings to enforce a judgment for support money which accrued during the minority of the children, although the judgment was rendered after they had reached majority. Under our decision in Ostrander v. Ostrander, 190 Minn. 547, 252 N. W. 449, the judgment based on the Wisconsin decree is enforceable here according to our law. The question presented is one of first impression in this state. The decisions in other jurisdictions are in conflict. In McCartney v. Superior Court, 187 Okl. 63, 101 P. (2d) 245; Lowry v. Lowry, 189 Okl. 650, 118 P. (2d) 1015; Reynolds v. Reynolds, 192 Okl. 564, 137 P. (2d) 914; Halmu v. Halmu, 247 Wis. 124, 19 N. W. (2d) 317, the courts held that contempt proceedings were not available after the children had ceased to be minors. See, Sides v. Pittman, 167

Miss. 751, 150 So. 211, and Annotation, 172 A. L. R. 892. In the McCartney case, the court had for interpretation a statute very similar to ours.[2] The contention was made that the court had a continuing jurisdiction over the father, after the children had reached majority, to coerce by contempt proceedings compliance with the order as to unpaid installments accruing prior to the attainment of majority. The Oklahoma court's answer was brief. It stated (187 Okl. 64, 101 P. [2d] 245):

"* * * it is obvious from the language of the statute that the jurisdiction of the court to punish for contempt terminates with the child's attaining majority."

Reaffirming this position in Lowry v. Lowry the court there stated (189 Okl. 650, 118 P. [2d] 1016):

"The purpose of the order in this case was the support of the minor children. This purpose has been accomplished, and the matter of the care and custody of the minor children is finally disposed of. The force and life of the order expired on the date the youngest child attained majority. It makes no difference whether the one directed to pay has fully complied with such order or not, insofar as enforcing same by contempt proceedings. We hold, therefore, that the trial court does not have jurisdiction to enforce its order to pay child support by contempt proceedings on accrued unpaid installments commenced after the child has reached majority."

In Halmu v. Halmu, 247 Wis. 124, 19 N. W. (2d) 317, the Wisconsin supreme court followed the Oklahoma decisions and reached the same result, quoting with approval much of the court's language in the Lowry case.

---

[2] Okl. Stat. 1941, Title 12, § 1277, provides:

"When a divorce is granted, the court shall make provision for guardianship, custody, support and education of the *minor* children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper either before or after final judgment in the action." (Italics supplied.)

In State ex rel. Casey v. Casey, 175 Or. 328, 153 P. (2d) 700, 172 A. L. R. 862, the supreme court of that state arrived at the opposite conclusion, on the sole ground that the failure to pay constituted contempt of the authority of the court. It did not discuss the scope or purpose of the divorce statute. Our statute, M. S. A. 518.17, provides:

"Upon adjudging the nullity of a marriage, or a divorce or separation, the court may make such further order as it deems just and proper concerning the care, custody, and maintenance of the *minor* children of the parties and may determine with which of the parents they, or any of them, shall remain, having due regard to the age and sex of such children." (Italics supplied.)

In Sivertsen v. Sivertsen, 198 Minn. 207, 269 N. W. 413, we have construed § 518.17 to mean that the court cannot award support payments after the children have reached majority. A like result was reached by the supreme court of Wisconsin in Boehler v. Boehler, 125 Wis. 627, 104 N. W. 840. The purpose of our statute (§ 518.17) and its enforcement by contempt proceedings is to insure support for the children during their minority. When they reach majority, the purpose and justification for the extraordinary remedy has expired. Hence, we are of the opinion that the legislature did not authorize the court to enforce its orders for support money for the children by extraordinary remedies after the children reached majority. The right to a judgment enforceable by ordinary remedies alone remained.

Affirmed.

PETERSON, JUSTICE (dissenting).

I dissent from the decision of the majority insofar as it holds that contempt is not available as a remedy to the wife after the minor children have attained their majority to enforce payment of accrued allowances for their support during their minority awarded by the judgment of divorce.

While M. S. A. 518.17 confers power on the court in divorce cases to provide in the judgment for the care, custody, and maintenance

of the minor children of the parties, § 518.24 provides without restriction or limitation that wilful violation by the husband of the judgment with respect to the care, custody, and maintenance of the minor children shall constitute a contempt for which he shall be punishable. The omission of such a restriction or limitation in § 518.24 is tantamount to a legislative declaration that there should be none. To hold that the power to proceed by contempt against the husband to compel him to pay accrued allowances expires with the attainment of majority by the minor children is to read into the statute (§ 518.24) a provision it does not contain. While § 518.17 limits the power of the court to provide for the support of minor children to the period of their minority, there is no such limitation in § 518.24, which provides for the enforcement by contempt of the awards made under the first-mentioned statute. It is submitted that to so limit the remedy by contempt is unjustifiable as being opposed to the obvious purpose of § 518.24 and as being contrary to settled rules of law that should govern in the construction thereof.

The purpose of the statute is to provide both a drastic and effective means of coercing delinquent and recalcitrant husbands to provide the support of their minor children ordered or adjudged as their plain, natural, and legal duty. Our statutes manifest a strong, if not a fundamental, public policy for the imposition of such a duty upon husbands and for the enforcement thereof. Nonsupport of a minor child by its father is a criminal offense. § 617.56; State v. Washnesky, 187 Minn. 643, 246 N. W. 366; 5 Dunnell, Dig. & Supp. § 7305b. This duty of a father extends to his illegitimate child. State v. Johnson, 216 Minn. 427, 13 N. W. (2d) 26, 155 A. L. R. 23. Desertion by a father of his minor child also is a criminal offense. § 617.55; 5 Dunnell, Dig. & Supp. § 7305c. Such offenses are continuing in nature. State v. Sweet, 179 Minn. 32, 228 N. W. 337. We have reiterated time and again that the duty of a father to provide for his children is one that should be enforced, except where the father presents the most convincing reasons for his not doing so, such as his inability to do so and the like. Haugen v. Swanson,

222 Minn. 203, 23 N. W. (2d) 535. See, Warner v. Warner, 219 Minn. 59, 17 N. W. (2d) 58; Quist v. Quist, 207 Minn. 257, 290 N. W. 561.

To effectuate that public policy, the drastic remedy of contempt is provided by § 518.24. The statute in effect declares what is the fact in the absence thereof, viz.,—that the failure of the husband to comply with the divorce judgment in such cases is, as every contempt is, an obstruction of the administration of justice, thereby rendering nugatory the court's judgment or decree and thereby bringing the court itself into disrepute and disrespect among men. The purpose of the power to punish a contempt in this, as in other cases, is to vindicate and to maintain the authority and respect of the court. And, because such is the nature of the remedy and the reason for its exercise, it was the legislative intent that the powers of the court would be exercised *at any time* necessary for the purposes mentioned.

Unless the statute is construed so as to make the remedy by contempt available after as well as before the children have attained their majority, the wife who has borne the burden of supporting the children which the husband should have borne will be left in the same position as she was prior to enactment of the statute giving her a right to proceed by contempt. Absent statute, the divorced wife may sue the husband to recover the reasonable value of support and maintenance of their minor children which she provided, even where the divorce decree was silent as to maintenance of the children. Spencer v. Spencer, 97 Minn. 56, 105 N. W. 483, 2 L. R. A. (N. S.) 851, 114 A. S. R. 695, 7 Ann. Cas. 901. It must be obvious that an ordinary action at law is not an effective remedy in all cases, and that, in order to provide an effective remedy, it is necessary to proceed by contempt. It was to supply an effective remedy that § 518.24 was enacted. To deny the remedy after the minor children have attained their majority is to deny the statutory remedy *pro tanto*. Furthermore, the effect of denying the wife a remedy by contempt in a case like this is to place a premium on the failure of fathers to support their children—not only to violate the

statutory law of the state, but also to defy and set at naught the judgments of its courts, and the longer and more complete the omission of duty, the more certain is the delinquent and recalcitrant father's escape from judicial coercion of the performance of such duty.

Because § 518.24 contains no time limitation within which to institute a proceeding for contempt thereunder and because there is no other statutory limitation of such a kind, under well-settled rules there is none. In the absence of statute, as here, there is no limitation as to the time within which an action or proceeding can be brought. Hoyt v. McNeil, 13 Minn. 362 (390); 4 Dunnell, Dig. § 5585. See, Haataja v. Saarenpaa, 118 Minn. 255, 136 N. W. 871 (delay of 16 years); Columbian Nat. L. Ins. Co. v. Black (10 Cir.) 35 F. (2d) 571, 71 A. L. R. 128 (delay of 20 years). Except in cases of direct contempt committed in the presence of the court, the rule stated is applied to contempt cases. Goodall v. Superior Court, 37 Cal. App. 723, 174 P. 924 (4 years); Gamble v. Howland, 3 Grant Ch. (U. C.) 281 (7 years). See, People ex rel. Rusch v. Wojcik, 290 Ill. App. 597, 7 N. E. (2d) 922. As said in State ex rel. Wright v. Barlow, 132 Neb. 166, 172, 271 N. W. 282, 285:

"* * * We have searched in vain for any statute limiting the time in which an action charging criminal contempt can be maintained. Therefore, unless there is a showing of special circumstances by which delay in instituting the suit has prejudiced the rights of the defendant, the action is not barred by lapse of time."

True, lapse of time may in certain cases, when combined with other circumstances, operate as a bar to a proceeding, but mere lapse of time and absence from the jurisdiction do not do so. See, Wilson v. Wilson, cited in the note in De Blaquiere v. De Blaquiere, 162 Reprint 1173, 1175.

The authorities are in hopeless conflict as to whether a remedy by contempt is available in a case such as this, as appears in Annotation, 172 A. L. R. 892, 893. The cases from Mississippi, Oklahoma, and Wisconsin support the views of the majority here. Those of

New York and Oregon support the views of this dissent. An examination of the cases should satisfy the reader that the latter are the better reasoned. As said by Mr. Justice Barlow, speaking for himself and Mr. Justice Fritz, in his special concurring opinion in Halmu v. Halmu, 247 Wis. 124, 137, 19 N. W. (2d) 317, 322:

"While I agree that the judgment must be affirmed, I do not consider that the trial court's jurisdiction to punish for contempt for husband's failure to pay support money which the court had ordered to be paid to the mother for the support of minor children, terminated upon their reaching their majority. In Lowry v. Lowry, 189 Okla. 650, 118 Pac. (2d) 1015, it was held that the court lost jurisdiction to enforce by contempt proceedings payment of support money after the minor became of age, on the theory that such proceedings were, (1) for the benefit of a private party, or (2) to coerce payment for a private party. This same objective existed before the minor became of age. The use of contempt proceedings to enforce the payment while the child was a minor was then likewise for the benefit of a private party who was furnishing the support. In my opinion contempt proceedings are not for the benefit of a private party. *The contempt consists of failure or refusal of the party to obey an order of the court, and the contempt continues so long as the party fails or refuses to comply with the order of the court.* As the court said in In re Milburn (1883), 59 Wis. 24, 34, 17 N. W. 965:

" 'The mere fact that the contempt was in proceedings supplementary to a judgment founded upon a contract, did not make it any the less a contempt, nor prevent its being punished as such.'

"And in In re Meggett (1900), 105 Wis. 291, 298, 81 N. W. 419, it was said:

" 'But whether a debt exists or not is quite immaterial. The imprisonment is not for the debt, but for disobedience of an order to pay money, made, not because he owed it, but because, after the court had sequestered it after it was property *in custodia legis,* he had wrongfully diverted it from the court's control. . . . This is not

an imprisonment for debt. It is the exercise of the contempt power inherent in courts of equity to re-establish a *status quo* wrongfully disturbed. The punishment inflicted, even in civil contempts, where indemnity to another party is the dominant purpose, nevertheless rests upon the power of the court to vindicate its own authority, and to punish for defiance thereof, but to adjust that punishment so as to protect or enforce private rights.'

*"The failure or refusal of the defendant to comply with the order of the court constitutes the grounds on which he is brought before the court, and the only way he can purge this contempt is by complying with the order. Until he has complied with the order or has been released by the court from the duty to comply with it, he is flaunting the authority of the court to enforce its orders and judgments. The fact that further payments are not required when the minor becomes of age does not change the refusal on the part of the defendant to comply with a lawful order still in existence."* (Italics supplied.)

THOMAS GALLAGHER, JUSTICE (dissenting).

I concur in the dissent of Mr. Justice Peterson.