Juanita McCULLOUGH, Appellant,

v.

Robert McCULLOUGH, Appellee.

No. 626.

Court of Civil Appeals of Texas, Tyler.

July 27, 1972.

Gordon Macdowell, Dallas, for appellant.

Paul E. Lokey & Co., Paul E. Lokey, Dallas, for appellee.

MOORE, Justice.

This is an appeal from a judgment in a contempt proceeding rendered by the Juvenile Court of Dallas County. Plaintiffs, Juanita McCullough, et al., instituted the contempt proceeding against defendant, Robert McCullough, alleging that for the past sixteen years defendant had failed to make child support payments as ordered by a previous divorce decree and that the accrued unpaid installments amounted to the sum of $10,816.00. Plaintiffs prayed that defendant be cited to appear and show cause why he should not be held in contempt of court. Defendant answered with a general denial, and alleged among other things, that the plaintiffs should be denied any relief because each of the two children of the marriage were then adults, each being over the age of eighteen years. He further alleged that the action was barred by the statute of limitations and by the doctrine of laches. After a hearing before the court, sitting without a jury, the trial court entered an order holding defendant in contempt of court for failure to pay child support as ordered and assessed a fine of $100.00 and ordered him confined in jail for a period of 72 hours. The court further ordered that the commitment and fine be suspended on condition that appellee pay a total arrearage of child support in the amount of $1,352.00, payable in specified monthly installments. Plaintiffs not being satisfied with the amount the court ordered to be paid, duly perfected this appeal.

The record reveals that Juanita McCullough and Robert McCullough were divorced on March 30, 1954. The original divorce decree recites that custody of the two minor children, David Earl McCullough, age 3, and Donald Milford McCullough, age 1, was awarded plaintiffs, Mr. & Mrs. W. H. Watson, the maternal

grandparents. Defendant was ordered to pay the sum of $13.00 per week for child support.

It is apparent from the face of the record that the present contempt proceeding was filed and the order of contempt was entered after both of the children had reached the age of eighteen years. In these circumstances we have concluded that the record, upon its face, presents a serious question of whether the trial court was vested with jurisdiction over the subject matter of the controversy. More specifically, the question is this: Did the court retain its jurisdiction to enter the order for support or did its jurisdiction terminate by operation of law when each of the children reached the age of eighteen years?

The only authority the court had to retain jurisdiction to modify and enforce the child support order was by virtue of Article 4639a, Vernon's Ann.Civ.St. The pertinent provisions of the statute are:

"* * * and said court may by judgment, order either parent to make periodical payments for the benefit of such child or children, until same have reached the age of eighteen (18) years, or, said court may enter a judgment in a fixed amount for the support of such child or children, and such court. shall have full power and authority to enforce said judgments by civil contempt proceedings after ten (10) days notice to such parent of his or her failure or refusal to carry out the terms thereof, * * *."

■■■ The foregoing statute is the source and limit of judicial power to order payment of child support. It authorizes an order to pay child support and to modify such order until the child reached eighteen years of age, but not beyond. It is obvious from the language used that the legislature intended to terminate the jurisdiction of the court to make orders concerning support when the child attained the age of eighteen years. When the child reaches

the age of eighteen years, the court no longer retains jurisdiction over the subject matter and consequently would have no power to enter orders for support money accruing before the child's eighteenth birthday. We hold, therefore, that under the circumstances presented here, the trial court did not have jurisdiction to enter the order for support or to enforce payment of accrued unpaid installments by judgment of contempt based on such order after both of the children of the marriage had reached the age of eighteen years. While we have been unable to find any Texas cases which we consider to be directly in point, we believe that some of the language used in the following decisions support this conclusion. Ex parte Hatch, 410 S.W.2d 773, 777 (Tex.Sup.Ct., 1967); Ex parte Hooks, 415 S.W.2d 166, 167 (Tex.Sup.Ct., 1967). In Ex parte Hooks, supra, the order for support was made prior to the time the children became eighteen and therefore is not controlling here. However, it is significant to note that the court did specifically state that the statute "limits orders for support to the pre-eighteen period."

Our holding is supported by the overwhelming weight of authority of the courts in other jurisdictions. See McCartney v. Superior Court, Okmulgee Division, 187 Okl. 63, 101 P.2d 245 (1940); Lowry v. Lowry, 189 Okl. 650, 118 P.2d 1015 (1941); Lieder v. Straub, 230 Minn. 460, 42 N.W. 2d 11 (1950); Zieman v. Zieman, 265 Minn. 190, 121 N.W.2d 77 (1963); Corbridge v. Corbridge, 230 Ind. 201, 102 N. E.2d 764 (1952); Sides v. Pittman, 167 Miss. 751, 150 So. 211 (1933); Halmu v. Halmu, 247 Wis. 124, 19 N.W.2d 317 (1945).

In Lowry v. Lowry, supra, the Oklahoma Supreme Court said:

"The purpose of the order in this case was the support of the minor children. * * * The force and life of the order expired on the date the youngest child attained majority. * * * We hold, therefore, that the trial court does not

have jurisdiction to enforce its order to pay child support by contempt proceedings on accrued unpaid installments *commenced* after the child has reached majority." (Emphasis supplied.)

■ The rule is well settled in this state and is one of general acceptance that a person may not be punished as for contempt for violating an order for which a court has no power to enter. Ex parte Lillard, 159 Tex. 18, 314 S.W.2d 800 (1958); Ex parte Henry, 147 Tex. 315, 215 S.W.2d 588 (1948); Ex parte Castro, 115 Tex. 77, 273 S.W. 795 (1925); Ex parte Armstrong, 110 Tex.Cr.R. 362, 8 S.W.2d 674 (1928); 17 Am.Jur.2d 46, Contempt, sec. 42; 12 A.L.R.2d 1059. In this instance the contempt judgment was void because when entered the trial court had lost jurisdiction of the subject matter.

Since the trial court had no jurisdiction, this court has none. Under these circumstances it becomes our duty to reverse the judgment and dismiss the cause.

Reversed and dismissed.