ROLAND M. HOOKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13485.   Promulgated February 26, 1948.

*John C. Parsons, Esq.*, for the petitioner.
*Paul P. Lipton, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency of $34,602.40 in gift tax for 1943. The petitioner alleges that the Commissioner erred in taxing as gifts the 1943 transfers to two trusts which he was required to make by the order of a court. The Commissioner claimed an increased deficiency on the theory that he erroneously omitted from gifts of prior years, in computing the 1943 deficiency, a transfer of securities worth $49,375 made by the petitioner to his wife on August 10, 1935. The parties filed a stipulation of facts, which is adopted as the findings of fact.

The petitioner filed his gift tax return for 1943 with the collector of internal revenue for the district of Florida. He married Winifred Holahan in 1921. They had two children, Edward, born on April 7, 1923, and Margaret, born in 1925. Margaret died on July 2, 1940.

The petitioner and Winifred separated and entered into a separation agreement dated August 26, 1935. They then resided in Connecticut. The petitioner transferred to Winifred, on August 10, 1935, securities valued at $49,375, of which no mention appears in the separation agreement, and on August 26, 1935, $15,000 in cash, pursuant to paragraph 2 of the separation agreement which was as follows:

. Mr. Hooker has paid to Mrs. Hooker, simultaneously with the execution of this agreement the sum of Fifteen thousand Dollars ($15,000), the receipt of which is hereby acknowledged, and said sum is accepted by Mrs. Hooker in full satisfaction of the obligation of Mr. Hooker to support and maintain her.

Paragraph 3 of the separation agreement was in part as follows:

3. In order to provide for the maintenance and support of the children of the parties Mr. Hooker has created simultaneously with the execution of this agreement two certain trusts with Central Hanover Bank and Trust Company, as Trustee, under which Mr. Hooker is grantor and the said children of the

parties, to wit, Edward Gordon Hooker and Margaret Carmichael Hooker, are beneficiaries. Reference is hereby made to said trust agreements for the full terms and conditions thereof.

It is the desire and intention of Mr. Hooker that the provisions for the support and maintenance of his said children shall in the future be augmented. To carry out the foregoing intent Mr. Hooker agrees:

A. * * * [To place in trust for each child one-sixth of any amount he received from his mother during her life.]

B. If Mr. Hooker's mother shall predecease him, upon completion of the administration of the estate of Mr. Hooker's mother but in any event not more than one year after the death of Mr. Hooker's mother, to place in trust for each of the said two children of the parties amounts equal to one-sixth (1/6) of the aggregate of the following:

(a) Such amounts as Mr. Hooker shall have and/or shall be entitled to receive outright from his mother's estate after her death;

(b) Such amounts as shall be placed in trust for Mr. Hooker under his mother's will with income payable to him for life or for any shorter period.

\* \* \* \* \* \* \*

[The petitioner also agrees at this point to leave in trust by his will one-sixth of his estate to each trust if he predeceases his mother.]

C. Mr. Hooker's liability under the foregoing subdivisions A and B shall be extinguished upon the happening of any of the following events:

(1) If either Mr. Hooker or his mother at any time during life or by will shall place in trust for each of his children the sum of One Hundred thousand Dollars ($100,000);

(2) If both of said children shall die without surviving issue while Mr. Hooker and his mother are both living.

\* \* \* \* \* \* \*

G. Wherever in this paragraph 3 reference is made to the creation of a trust by either Mr. Hooker or his mother for the benefit of the said children of Mr. Hooker it shall mean a trust with the same Trustee and with terms and provisions substantially similar to those of the trusts created simultaneously with this agreement.

Other provisions of the agreement included the following: Winifred was to have sole custody and control of the children, with the right of the petitioner to visit them not more than twice a month; each released all rights in the property of the other arising from the marriage and agreed not to encumber that property, but to aid, if necessary, in its transfer; and the agreement was to be incorporated in any decree of divorce later obtained, but could be altered by the joint action of the two parties.

The petitioner established two trusts on August 26, 1935, in which he named the Central Hanover Bank & Trust Co. of New York trustee, and his two children as principal beneficiaries. The petitioner transferred to each trust, on August 26, 1935, property then worth $97,980.

The trust for Edward provided that the income until he became 25 was to be paid to Winifred for his education, maintenance, and support, or, if Winifred should die, used by the trustee for that purpose; excess income was to be accumulated and used later or paid to Edward at 25; income after Edward became 25 was to be paid to him for life;

his children and widow were to receive the trust corpus at his death; Margaret was to take Edward's place if he and his family were not living to take under the trust; Winifred was to become life beneficiary if those named were not living; if she was dead, then the petitioner or his heirs were to take the corpus; and Winifred had the right to revoke the trust during her life after the child beneficiary had reached 25, in which case the corpus was to go to her.

The trust for Margaret was identical except for the difference in names.

Winifred obtained an absolute divorce in Nevada by a decree entered October 19, 1935. The divorce decree provides that the settlement agreement of August 26, 1935 "is, by this Court, ratified, adopted and approved in all respects," it is "declared to be fair, just and equitable" to both parties and the children, and the parties are ordered to comply with it fully.

The petitioner remarried in 1936 and Winifred remarried in 1937.

The petitioner's mother died on March 13, 1939, and the petitioner received $478,100.25 in the settlement of her estate, but he failed to add portions thereof to the two trusts. His son Edward, then beneficiary of each trust, acting through Winifred, and Winifred individually brought suit against the petitioner on July 17, 1940, in Connecticut for specific performance of the trusts and the separation agreement. The trial court entered judgment against the petitioner for specific performance. That judgment was affirmed on appeal, and thereafter, during 1943, the petitioner transferred to the trust for Edward property having a value of $159,366.75.

The petitioner reported no taxable gifts on his return for 1943, but explained thereon that he had been forced to make the transfer to the trust by the decree of the Connecticut court. The Commissioner eliminated the present value of the right of Edward to receive the income during his minority and held that the remainder of $153,237.25 [1] was taxable as a gift. The petitioner does not contend and has not shown that his obligation to support his minor son was greater than the amount excluded by the Commissioner.

Section 1000 of the Internal Revenue Code imposed a tax on transfers of property by gift and section 1002 provided:

SEC. 1002 TRANSFER FOR LESS THAN ADEQUATE AND FULL CONSIDERATION.

Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this chapter, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year.

The petitioner stated in the separation agreement that he desired and intended to augment in the future the provisions for the support

---

[1] The stipulation gives $153,337.25 but the notice of deficiency shows $153,237.25.

of his minor children and he agreed to carry out those desires and intentions by placing in the trusts for the children one-third of any amount he might later receive from his mother. The children were then 10 and 12. Those circumstances tend to show rather than to negative a donative intent on the part of the father in entering into the agreement of August 26, 1935. He apparently wanted to do more for the children than the minimum required by law. This, in so far as the children were concerned, then was not an "arm's length" transaction made in the ordinary course of business without donative intent. Yet both parties hereto recognize that there was some consideration present for the undertakings of the petitioner as set forth in that agreement. Later, the transfer here in question was made pursuant to that agreement. The Commissioner has not taxed all of the transfers made pursuant to the agreement, but has excluded all of the transfers to the wife and a part of all transfers to the trusts representing the present worth of the income from the trust funds during the minority of the child beneficiary. He maintains, however, that the value of the transferred funds in excess of the amount excluded constitutes a gift within section 1002. His action in finding a taxable gift is in accord with the statute. *Edmund C. Converse*, 5 T. C. 1014; affirmed on another point, 163 Fed. (2d) 131.

The petitioner relies heavily upon the opinion of the Circuit Court in *Edmund C. Converse, supra*, affirming the Tax Court in holding that a lump sum paid to a divorced wife pursuant to the agreement of the parties embodied in the decree of divorce was not a gift. The Commissioner points out that the present transfer was for the benefit of the child rather than in settlement of any property rights of the wife, although the latter might benefit under certain contingencies; the husband's obligation to support his wife was fulfilled by a transfer, not involved herein, made pursuant to paragraph 2 of the settlement agreement; the transfer was pursuant to the order for specific performance of the agreement rather than on the decree of divorce; and there has been no showing of consideration in money or money's worth for the present transfer in excess of that already recognized and excluded. He concludes that the opinion relied upon by the petitioner was based on a dissimilar set of facts and should not be followed as an authority upon the present issue.

The decree in the *Converse* divorce case ordered the defendant (husband) to pay $625,000 to the wife in lieu of monthly payments provided in the separation agreement. The decree also provided that the husband would be discharged, after the lump sum had been paid, of all property rights and claims for support of the wife. The separation agreement was otherwise ratified. The Circuit Court, in deciding the *Converse* case, pointed out that the payment was not made pursuant

to the separation agreement, but was ordered only after an agreement during the course of trial and after testimony had been presented and considered by the court. The Circuit Court may have thought that those circumstances constituted a sufficient showing of an adequate and full consideration in money or money's worth. Here the situation is quite different, as the Commissioner points out. The court went on to state that the payment there was "of a liquidated debt created by the judgment and the discharge thereby of the respondent's obligation to pay that debt was an adequate and full consideration in money or money's worth for the transfer," and no taxable gift resulted. We are not disposed to remove this latter part of the opinion from its context. However, if it means that no payment in liquidation of a judgment is a taxable gift within section 1002, then this court disagrees and, with all due respect, declines to follow that opinion. *Commissioner* v. *Greene*, 119 Fed. (2d) 383 (reversing 41 B. T. A. 515) ; certiorari denied, 314 U. S. 641. Cf. *Estate of Louis D. Markwell*, 40 B. T. A. 65; affd., 112 Fed. (2d) 253. That section expressly provides that transfers in excess of an adequate consideration shall be deemed gifts for the purpose of the tax. Courts, asked to enforce contracts, do not inquire into the adequacy of consideration in cases, such as this, involving no fraud of any kind, but enforce agreements supported by any valid consideration. Congress legislates in the light of existing law. It may not be supposed that it intended to pass a law which could be circumvented by the clever process of entering into an agreement to make a transfer, supported by an inadequate money consideration, and then making the transfer to satisfy a judgment on the agreement. Nor would it matter if, as here, a change of mind occurred after the agreement and the donor was forced to abide by his earlier agreement. A divorce court would certainly not interfere to prevent a father from making greater provision for his minor children than the minimum required by law or more than the court could require. Yet the excess would be a gift under section 1002. Cf. *Stella S. Housman*, 38 B. T. A. 1007; affd., 105 Fed. (2d) 973; certiorari denied, 309 U. S. 656.

We are unable to agree with the petitioner that this case is like *Herbert Jones*, 1 T. C. 1207, and similar cases (including the lump sum in the *Converse* case) in which it was held that transfers to a wife pursuant to a separation agreement or a divorce decree were not gifts. The reason for holding in those cases that there was no gift was that the circumstances negatived the presence of a donative intent and showed an arm's length transaction. But the absence of a donative intent and the presence of adequate consideration in money or money's worth may not be presumed in prenuptial agreements and in transfers for the benefit of minor children. *Commissioner* v. *Wemyss*, 324 U. S.

303; *Merrill* v. *Fahs*, 324 U. S. 308; *Edmund C. Converse, supra.* Cf. *Estate of Louis D. Markwell, supra.* Here the trust deeds show that the primary beneficiaries of the trusts were the minor children, not the wife, even though she had large powers in certain contingencies. The value of consideration from the wife and the value of the wife's interest in these trusts has not been shown. Nor is it sufficient that provisions for the minor children were incorporated in the separation agreement and the divorce decree, since the fact that the husband may have bargained closely with his wife does not negative a donative intent in so far as the agreement provided for the children. *Edmund C. Converse, supra.* Further proof that he did not intend to make a gift to them and that there was adequate consideration in money or money's worth for the transfer to them would be necessary.

The respondent did not mention his affirmative issue in his main brief, but devoted a paragraph to it in his reply. This procedure is not entirely fair to his adversary, if he seriously urges the claim to increase the deficiency. However, he must fail in any event, since the stipulation does not show that there was donative intent or an absence of adequate money's worth consideration in the 1935 transfer of $49,375 to the estranged wife. It may have been for her support and may have been eliminated properly from the gift category for that reason.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

JOHNSON, *J.*, dissents.