ESTATE OF MYLES C. WATSON, GARDEN CITY BANK AND TRUST COMPANY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38341. Promulgated May 20, 1953.

*Francis B. Hamlin, Esq.,* for the petitioner.
*Robert J. McDonough, Esq.,* for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $8,736.88 in estate tax. The only issue is whether the Commissioner erred in denying a deduction of $76,315.99 representing a claim of Jean W. Watson, a divorced former wife of the decedent. The facts have been presented by a stipulation.

The estate tax return was filed with the collector of internal revenue for the first district of New York.

The decedent and Jean W. Watson, while husband and wife, entered into a separation agreement dated May 9, 1942. It provided, *inter alia:*

If at the time of the death of the party of the first part, the party of the second part shall be living and the wife of the party of the first part, or, if not his wife, shall not have remarried, the party of the second part shall be entitled to receive one-third of the net estate of the party of the first part, net estate being defined for the purpose of this agreement as his gross estate less debts, taxes and reasonable administration expenses. It is the intention of the parties that the party of the first part shall make provision by will accordingly, but if he shall fail to do so the provisions of this paragraph of this agreement shall be effective and shall be enforceable against his personal representatives, distributees and assigns. * * *

Jean released her dower rights. Paragraph Fourteenth of the agreement was as follows:

Should the parties be divorced or separated by any court of competent jurisdiction, this agreement shall, nevertheless, remain in full force and effect, and any decree of divorce or of separation entered in any court of competent jurisdiction shall not contain any provision contrary to the terms of this agreement nor require the party of the first part to make any payments of money in excess of those provided for by this agreement, but may have incorporated therein any of the provisions of this agreement.

The agreement was to be governed and construed solely by the laws of New York where the parties resided.

The parties to that agreement were divorced in Nevada on January 26, 1943. The decree included the following:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the agreement of the parties, entered into on the 9th day of May, 1942, copy of which agreement was introduced in evidence in this cause and marked Exhibit "A", is, under all of the circumstances, fair, equitable and just; that the parties thereto entered into the same freely and voluntarily, with a full knowledge of the financial circumstances of each other; that said agreement be, and the same is hereby, approved, adopted and confirmed; that the parties thereto, the Plaintiff and the defendant respectively, be, and they hereby are, decreed and ordered to abide thereby and to perform the obligations thereof; that by said agreement all rights of property of the parties are settled and adjusted and are decreed in accordance therewith; that the right of the Defendant to separate support and maintenance, past, present and future, is adjusted by said agreement, and is hereby decreed in accordance therewith; and that each of the parties have judgment against the other according to the terms of said agreement.

The decedent remarried, made no provision whatsoever for Jean in his will, but left his entire estate to his widow, Olga S. Watson. Jean, who remained unmarried and survived the decedent, made a claim against the estate of the decedent which was recognized by the executor. $76,315.99 was claimed as a deduction on the estate tax return representing the debt due to Jean. The Commissioner, in determining the deficiency, disallowed that deduction on the ground that the item was not deductible under section 812 (b) (3). The amount of the debt is not in dispute.

The Nevada Compiled Laws (Supp. 1931–1941), section 9463, at the time of the decree of divorce included the following:

In granting a divorce, the Court may award such alimony to the wife and shall make such disposition of the community and separate property of the parties as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens, if any, imposed upon it for the benefit of the children. * * *

The petitioner contends that the debt was founded upon the divorce decree rather than upon the separation agreement and is deductible upon the authority of *Commissioner* v. *Maresi*, 156 F. 2d 929, and

*Harris* v. *Commissioner*, 340 U. S. 106. The Commissioner, ignoring the former decision, contends that the debt was founded upon the separation agreement and is not deductible because that agreement was not made for an adequate consideration within the meaning of section 812 (b) (3). That section provides that a debt formed upon a promise or agreement is not deductible in excess of the consideration in money or money's worth involved and a relinquishment of dower or of marital rights is not considered money or money's worth. The Commissioner relies upon *George G. McMurtry*, 16 T. C. 168, since reversed 203 F. 2d 659, and *Paul Rosenthal*, 17 T. C. 1047, in which marital settlements were held to be taxable as gifts after discussion of the *Harris* case, also a gift tax case. Those cases are not directly in point here.

The present case is not distinguishable from *Estate of Pompeo M. Maresi*, 6 T. C. 582, affd. 156 F. 2d 929, expressly approved by the Supreme Court in the *Harris* case. The issue is decided for the petitioner.

Reviewed by the Court.

*Decision will be entered under Rule 50.*