KARL T. WIEDEMANN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52514. Filed June 18, 1956.

*Josiah E. Brill, Esq.*, for the petitioner.
*David Karsted, Esq.*, for the respondent.

**568**

OPINION.

BRUCE, *Judge:* The question presented for determination herein is whether the value of a remainder interest transferred by petitioner to his adult daughter in a trust established by him pursuant to a decree of divorce, is taxable as a gift under sections 1000 and 1002 of the Internal Revenue Code of 1939.[1]

It has generally been held that property transferred by a taxpayer to discharge his obligation to support his minor children is a transfer for "adequate and full consideration in money or money's worth," and is not taxable as a gift. *Roland M. Hooker*, 10 T. C. 388, affd. 174 F. 2d 863. Cf. *Commissioner* v. *Weiser*, 113 F. 2d 486; *D. G. McDonald Trust*, 19 T. C. 672, affd. 225 F. 2d 621, certiorari denied 350 U. S. 965. However, property transferred to adult children or the value of property beyond that necessary to discharge the obligation to support minor offspring is a taxable gift. *Rosenthal* v. *Commissioner*, (C. A. 2, 1953) 205 F. 2d 505, reversing 17 T. C. 1047 for other reasons; *Roland M. Hooker*, *supra*.

In the present case petitioner created a trust under the terms of which the remainder interest was to pass to his daughter upon the

---

[1] SEC. 1000. IMPOSITION OF TAX.

(a) For the calendar year 1940 and each calendar year thereafter a tax, computed as provided in section 1001, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift. * * *

SEC. 1002. TRANSFER FOR LESS THAN ADEQUATE AND FULL CONSIDERATION.

Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this chapter, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year.

death of the life beneficiary, petitioner's divorced wife. When the trust was established petitioner's daughter was 32 years of age, married, and supported by the earnings of her husband. In addition to her husband's support, she received generous monthly allowances and payments for doctors' bills from petitioner before the creation of the trust and in fact continues to receive generous support from him. Under these circumstances petitioner was certainly under no legal obligation to provide his daughter with a remainder interest in the trust for her maintenance and support. The transfer of the remainder interest in the trust property for the benefit of petitioner's daughter was therefore not made in discharge of a father's duty to support his child and was not a transfer for a consideration in money or money's worth. Accordingly, on these facts, the value of the remainder interest under the trust was a taxable gift. *Rosenthal* v. *Commissioner, supra; Roland M. Hooker, supra.*

Petitioner does not dispute the above principles but urges that no taxable gift arises from the creation of the trust because that instrument was a result of a divorce decree adjudging that he establish a trust for the benefit of his estranged wife for life with remainder to his daughter and her children. In support of this contention, petitioner relies primarily on *Harris* v. *Commissioner*, 340 U. S. 106 (1950); and *McMurtry* v. *Commissioner*, (C. A. 1, 1953) 203 F. 2d 659. In the *Harris* case, a settlement of marital rights between a husband and wife, operative by its terms only on entry of a divorce decree, was held to be exempt from gift taxes. The basis for this decision was the Court's holding that the settlement was not founded on a voluntary promise or agreement, but on the command of the divorce court, authorized by State law to decree a just and suitable disposition of the parties' property. Hence the arrangement was deemed to be for "an adequate and full consideration in money or money's worth." *Rosenthal* v. *Commissioner, supra.* See also *McMurtry* v. *Commissioner, supra.*

The rationale of the *Harris* case and those decisions which follow it is not, however, applicable here. As the Court of Appeals for the Second Circuit stated in *Rosenthal* v. *Commissioner, supra*:

The rationale of both the Harris and Converse decisions rests basically on the divorce court's power, if not duty, to settle property rights as between the parties, either by adopting their own agreement as in the Harris case, or by having the matter litigated as in the Converse case. *We do not find this rationale applicable to a decree ordering payments to adult offspring of the parties* or to minors beyond their needs for support—the only payments with which we are now concerned, since that part of the taxpayer's undertakings necessary for the support of his children during their minority is concededly not taxable. * * *

 *          *          *          *          *          *          *

since such a decree provision depends for its validity wholly upon the consent of the party to be charged with the obligation and thus cannot be the

*product of litigation in the divorce court, we do not consider the rationale of the Harris decision applicable to the present case.   We therefore conclude that the arrangements here made for the taxpayer's daughters beyond their support during minority do not obtain exemption from the federal gift tax by simply receiving the court's imprimatur.* * * * [Emphasis supplied.]

Under the laws of Minnesota the divorce court has jurisdiction to make orders concerning the care, custody, and maintenance of minor children.   Minn. Stat. secs. 518.16, 518.17 (1949).   However, a Minnesota court has no power to make provision for the support and maintenance of adult children.   *Sivertsen* v. *Sivertsen*, 198 Minn. 207, 269 N. W. 413 (1936); *Lieder* v. *Straub*, 230 Minn. 460, 42 N. W. 2d 11 (1950).   Payments to a child after majority are made, if at all, voluntarily by the divorced parent.   *Baker* v. *Baker*, 224 Minn. 117, 28 N. W. 2d 164 (1947).   Thus, in the instant case the Minnesota court that ordered petitioner divorced from his wife had no power whatever to require petitioner to support his adult daughter.   The district judge in the divorce proceeding recognized this lack of jurisdiction when he stated in a memorandum accompanying the findings of fact and conclusions of law that the trust was provided partly on the basis that it was suggested by petitioner.   Moreover, the terms of the trust eventually incorporated into the divorce decree were virtually identical with the language of the instrument submitted by petitioner to the divorce court in a motion for amended conclusions of law.   Petitioner's attorney at the divorce proceeding was well aware that petitioner was under no obligation to support his daughter, for in the course of argument on the motions for amended findings the district judge informed counsel for both parties that the court had no control over petitioner with regard to any provision he might wish to make for his daughter.   There is no showing that petitioner's wife insisted upon the insertion in the trust of the provision for the benefit of the daughter, and, even if the idea therefor originated with the trial judge, as petitioner appears to suggest, it is evident from the court's remarks that if objected to by petitioner, the court would not have required it.   Since it does not appear that petitioner objected we must conclude that he consented to the inclusion.[2]   Accordingly, we hold that the trust arrangement made by petitioner for his adult daughter is not exempt from gift tax.   *Rosenthal* v. *Commissioner*, *supra; Roland M. Hooker*, *supra*.

Petitioner's further argument that the value of the remainder interest cannot be established because of the life beneficiary's power of invasion is equally untenable.   Petitioner's ex-wife is receiving an in-

[2] Petitioner's willingness to have the provision included may have been prompted by the desire to avoid the possibility of the court placing no restriction upon the wife's disposition of the remainder of the trust property on her death.   Also, as there is some evidence in the record that petitioner was tax conscious, he may have been influenced by the thought that he was not only providing for his daughter's future, but that property passing to his daughter inter vivos might later escape estate tax.

come of approximately $23,000 a year for life by virtue of alimony payments, income from the trust, and receipts from property previously given her by petitioner. Under the terms of the trust, no invasion of trust corpus can be made unless there is a change in circumstances, and the trustees are to assume that her current income is adequate. Since the divorce decree provides that remarriage shall not terminate the alimony payments, the possibility that the principal of the trust will be invaded for the wife's benefit is too remote to have any measurable effect upon the actuarial value of the remainder interest. The parties have stipulated that if respondent used the proper table, the mathematical computation of the value of the remainder is correct. We hold that respondent correctly applied Regulations 108, section 86.19 (*f*), in determining that the value of the remainder interest was $112,620.

Finally, we find no merit in petitioner's argument that the value of the remainder interest is not taxable as a gift because under Minnesota law the divorce court may modify or change the provisions of the decree for alimony. Since the court granting the divorce had no authority or control over the provisions for the benefit of petitioner's adult daughter in the first instance, it has no authority to change the same, and petitioner himself retained no power to revoke, modify, or change the provisions of the trust relating to his daughter and her children. *Burnet* v. *Guggenheim*, 288 U. S. 280; *Estate of Sanford* v. *Commissioner*, 308 U. S. 39; and *Commissioner* v. *Walston*, 168 F. 2d 211, cited by petitioner, are therefore not in point.

The parties having stipulated the value of gifts made by petitioner in 1938, a recomputation will be necessary.

*Decision will be entered under Rule 50.*