ESTATE OF HUBERT KELLER, JEAN S. KELLER, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 608–63.    Filed September 30, 1965.

*John E. Simpson*, for the petitioner.
*Thomas A. Brown*, for the respondent.

DRENNEN, *Judge:* Respondent determined a deficiency in estate tax in the amount of $13,469.17. The issues for decision are (1) whether the transfer of certain real estate by decedent, pursuant to a divorce decree, to his wife for life with remainder in fee simple to his adult children, and in which he retained a primary life estate which was forfeitable upon default in the monthly alimony payments due, is includable in decedent's gross estate; and (2) in the alternative, whether petitioner is entitled to a deduction for liabilities to judgment creditors under the court decree of 1938.

### FINDINGS OF FACT

The case was submitted under Rule 30, Rules of Practice, Tax Court of the United States, on a stipulation of facts with exhibits attached thereto and the deposition of Shelby Myrick, Sr. (hereinafter referred to as Myrick). The stipulation of facts and exhibits attached thereto are incorporated herein by reference.

Hubert Keller (hereinafter referred to as Hubert) was born in 1878 and died on April 5, 1960, a resident of Savannah, Ga. Decedent's last will and testament was probated in the Court of Ordinary of Chatham County, Ga. Petitioner Jean S. Keller, widow of decedent (hereinafter referred to as Jean), was duly appointed and is still acting as executrix of his estate. The estate tax return was filed August 9, 1961, with the district director of internal revenue, Atlanta, Ga.

852

Decedent was married in December 1902 to Mrs. Addie Keller [1] (hereinafter referred to as Addie), who was born in 1878. Decedent and Addie lived together as husband and wife for many years and two daughters were born of this marriage. Decedent and Addie experienced marital difficulties and separated in 1929 or 1931, with decedent making agreed-upon payments to Addie for her support and the support of the children. On February 14, 1938, Addie filed a petition in the Superior Court, Chatham County, Ga. (hereinafter referred to as the Superior Court), against decedent, seeking permanent alimony. She alleged in paragraph 8 of her petition "that she [Addie] is entitled to a reasonable amount to be awarded to her out of the assets owned by defendant to provide for her maintenance and support as temporary and permanent alimony and attorneys fees."

An order granting Addie temporary alimony was entered by the Superior Court on February 25, 1938, and on or about April 29, 1938, decedent filed his answer to the petition filed by Addie. Subsequently, on or about May 4, 1938, decedent filed a petition in the Superior Court in which he alleged that "temporary alimony" had been awarded to Addie and "there is now pending * * * suit for permanent alimony." In his petition he prayed that "he be granted a total divorce."

Addie filed her answer to decedent's divorce petition on July 12, 1938, and prayed that the alimony petition previously filed by her be consolidated with this case, that no divorce be granted, and that permanent alimony and attorney's fees be awarded her as requested in her previously filed petition.

Addie had given a deposition on November 10, 1938, and on November 14, 1938, an order was entered consolidating the two cases and Addie filed an amendment to her answer to the suit for divorce previously filed by decedent in which she prayed "that a divorce be granted to her." The cases were submitted to a jury at that time and the first verdict of the jury was entered wherein a divorce was granted to Addie.

Under prevailing Georgia law at that time two verdicts of a jury were required in divorce cases. Accordingly, on December 19, 1938, a second verdict of the jury was entered fixing "alimony and disposition of the property of Hubert Keller" (decedent) as follows:

1st: Hubert Keller will deed to Mrs. Addie Keller the bungalow on Cedar and 31st Streets outright, in fee simple, paying all taxes through the year 1938, and deliver to her current insurance policies, premiums paid.

2nd: Hubert Keller will pay Mrs. Addie Keller One Hundred ($100.00) Dollars per month as alimony as long as she lives.

---

[1] Maiden name not stipulated.

3rd: Hubert Keller will make a deed conveying to Mrs. Addie Keller, and to Inez Keller Works and Gertrude Keller Henderson, daughters of the plaintiff and defendant, the following property, but reserving a life estate in himself, and after his death, a life estate in Mrs. Addie Keller, to-wit:

Ulmer Place, Effingham County, 292 acres;

Hubert Keller Home Place, at Meinhart, containing 40 acres, more or less;

560 acres of dairy farm and pasture near Monteith;

The property at Bull and 32nd Streets, Savannah, Georgia, known as Lots A and B, and Lot No. 1, Reppard Ward.

4th: If Hubert Keller fails to make the alimony payments of $100.00 per month, or fails to pay taxes, insurance, and other ordinary charges on the property, after reasonable opportunity to do so, he will forfeit his life estate in the above property, but such forfeiture will not relieve him from the alimony payments or from any proceedings instituted by Mrs. Addie Keller to collect the same, either by civil action or by contempt proceedings.

5th: Further provisions may be made in the deed conveying the property mentioned in Paragraph 3rd above so as to protect the property and the parties hereto, as may be agreeable to the parties, and evidenced by their signatures on the deed made pursuant to the verdict and decree in this case.

Subsequently, a judgment and order was entered by the Superior Court, on December 19, 1938, granting a divorce to Addie and ordering the same alimony and disposition of the decedent's property as was contained in the second verdict of the jury, set out above.

Pursuant to the terms of the divorce decree, decedent executed a deed dated December 19, 1938, in which he conveyed the properties referred to in paragraph 3rd of the jury verdict, namely, the Ulmer Place (292 acres), the Hubert Keller Home Place (40 acres), the dairy farm and pasture near Monteith (560 acres), and the property at Bull and 32d Streets, Savannah, Ga. (lots A and B, and lot No. 1, Reppard Ward), to Addie and their two daughters, Inez Keller Works (hereinafter referred to as Inez) and Gertrude Keller Henderson (hereinafter referred to as Gertrude), reserving a life estate in himself and after his death a life estate in Addie, with the remainder interest to Inez and Gertrude. Inez and Gertrude were at that time both adults and both were married and no longer lived in Savannah, Ga.

The deed contained the following pertinent provisions:

WITNESSETH:

That for valuable considerations to him moving, and in compliance with an Order of the Superior Court of Chatham County, Georgia, of even date herewith, in the case of Mrs. Addie Keller vs. Hubert Keller, and vice versa, Consolidated Causes, the party of the first part, said Hubert Keller, has bargained, granted, sold, aliened, confirmed and conveyed, and by these presents does bargain, grant, sell, alien, confirm and convey unto the said Mrs. Addie Keller, Mrs. Inez Keller Works, and Mrs. Gertrude Keller Henderson, the following described property, to-wit:

\*      \*      \*      \*      \*      \*      \*

[Description of properties]

Subject, However, to the Following Conditions and Reservations:

First: The said Hubert Keller reserves to himself a life estate in the said property, with the full and free use of the same so long as he shall live and comply with the conditions of this Deed. Should the said Hubert Keller pre-decease Mrs. Addie Keller or forfeit his life estate, then a life estate shall vest in said Mrs. Addie Keller, and she shall have the free and full use of said property so long as she shall live.

Second: The said Hubert Keller will pay taxes, insurance, up-keep and other ordinary charges on the property so long as he shall live. Should a life estate come to Mrs. Keller, she will likewise pay the taxes, insurance and up-keep during her life tenancy.

Third: If the said Hubert Keller fails to make alimony payments of $100.00 per month as provided in the alimony decree in said case, or should he fail to pay the taxes, insurance, upkeep and other ordinary charges on the property after reasonable opportunity to do so, then he will forfeit his life estate in the property.

Fourth: * * * [Provided that property may be sold or otherwise disposed of by consent of all four parties, and proceeds reinvested or distributed as agreed upon.]

Fifth: * * * [Provided that none of the parties could convey their interests in properties without consent of others.]

Sixth: Upon the death of the party of the first part, Hubert Keller, or his abandonment or forfeiture of his life estate in the said property, and upon the death of the second party, Mrs. Addie Keller, the fee simple title to said property, (or such as has not been conveyed or otherwise disposed of, as provided in the fourth paragraph hereof) shall vest in Mrs. Inez Keller Works and Mrs. Gertrude Keller Henderson, as tenants in common, in fee simple. If either or both of said parties be deceased at that time, then the children of the deceased shall take the interest of the parent, per stirpes.

Seventh: * * * [Reference to a mortgage on one of the properties which decedent agreed to pay]

This deed was executed by decedent as grantor and was also signed by Addie, Inez, and Gertrude to indicate their assent thereto.

Also by deed dated December 19, 1938, decedent conveyed the property on Cedar and 31st Streets to Addie in fee simple, the stated consideration being the same as in the deed set out above.

Decedent was represented throughout the divorce proceedings by Myrick, a Savannah attorney who had represented decedent previously in other matters not related to the divorce action. However, decedent was anxious to obtain a divorce in order to marry Jean and he was willing to accede to Addie's wishes in respect to the property settlement. Consequently, the provisions, terms, and conditions of the jury verdicts and the divorce decree were suggested and prepared by Addie and her attorneys. While Myrick attended the proceedings and represented decedent generally, decedent did not discuss the provisions for his adult daughters or the other provisions for alimony and disposition of property with Myrick.

During the period between December 19, 1938, and the date of decedent's death, April 5, 1960, certain of the real estate referred to

in the divorce decree and described in the deed of December 19, 1938, had been sold. On April 5, 1960, the unsold property consisted only of the property located at Bull and 32d Streets, Savannah, Ga., and 466 acres of land known as the Keller Dairy Farm. The latter properties, which are the only ones involved here, had a fair market value on the date of decedent's death and for estate tax purposes of $94,845.48.[2]

At the time of his death decedent was survived by his second wife, Jean, and by four children of this second marriage. He was also survived by his former wife, Addie, and by their children, Inez and Gertrude. In his will admitted to probate, which was executed December 8, 1958, decedent devised specified parcels of real estate to Jean and to each of their four children, with the residue going to Jean. The will did not mention or make reference to Addie, Inez, or Gertrude.

Respondent issued a notice of deficiency on November 16, 1962, wherein it was determined that the value of the property at Bull and 32d Streets, Savannah, Ga., and the value of the 466 acres of land, known as the Keller Dairy Farm, were includable in the value of decedent's gross estate pursuant to section 2036, I.R.C. 1954

### ULTIMATE FINDINGS

The secondary life estate in the properties involved conveyed to Addie by decedent pursuant to the divorce decree was transferred for an adequate and full consideration in money or money's worth, and the value thereof is not includable in decedent's gross estate. The value of Addie's life estate at the time of decedent's death was $14,198.37.

The remainder interest in the properties involved conveyed to decedent's two adult daughters was not transferred for an adequate and full consideration in money or money's worth, and the value thereof is includable in decedent's gross estate.

### OPINION

The issue for decision is whether the value of certain real estate transferred by decedent, pursuant to a divorce decree, to his divorced wife, Addie, for her life with remainder over to their adult children, with the reservation of a primary life estate in himself, is includable in decedent's gross estate for estate tax purposes under the provisions of section 2036(a), I.R.C. 1954.[3] An alternative contention raised in the petition is that if the value of the property is included in decedent's gross estate as a transfer taking effect at his death, a deduction therefrom should be allowed as a liability to judgment creditors under

---

[2] Value stipulated.

[3] All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.

the divorce decree. Both issues require consideration of whether the property was transferred for an "adequate and full consideration in money or money's worth."

The fair market value of the property at the date of decedent's death was stipulated to be $94,845.48. In his notice of deficiency respondent determined that this entire amount was includable in the gross estate; but on brief respondent concedes that the value of Addie's secondary life estate in the property is excludable from the gross estate, on the authority of *Harris* v. *Commissioner*, 340 U.S. 106; *Estate of Myles C. Watson,* 20 T.C. 386, affd. 216 F. 2d 941; and Rev. Rul. 60–160, 1960–1 C.B. 374. Respondent computes the value of this life estate, under sec. 20.2031–7(c), Estate Tax Regs., to be $14,198.37, which he concedes should be subtracted from the $94,845.48 to determine the amount to be included in the gross estate. Petitioner does not question either respondent's concession or his computation of the value of Addie's life estate on brief,[4] so the amount we are concerned with is $80,647.11.

Section 2036 [5] provides that the value of property transferred by decedent in which he retained a life estate shall be included in the gross estate of the transferor, except in the case of a bona fide sale for an adequate and full consideration in money or money's worth. Section 2043(a) [6] provides generally that if a transfer described in sections 2035–2038 is made for a consideration in money or money's worth, but is not a bona fide sale for an adequate and full consideration, then the gross estate shall include only the excess of fair market value, at the

---

[4] An alternative contention was advanced in the petition that if any portion of the value of the property was includable in the estate it would be limited to the then-present value in 1938 of petitioner's life estate based on his life expectancy at that time. This contention is not argued by petitioner on brief and we consider it abandoned.

[5] SEC. 2036. TRANSFERS WITH RETAINED LIFE ESTATE.

(a) GENERAL RULE.—The value of the gross estate shall include the value of all property (except real property situated outside of the United States) to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death—

(1) the possession or enjoyment of, or the right to the income from the property, or

(2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom.

[6] SEC. 2043. TRANSFERS FOR INSUFFICIENT CONSIDERATION.

(a) IN GENERAL.—If any one of the transfers, trusts, interests, rights, or powers enumerated and described in sections 2035 to 2038, inclusive, and section 2041 is made, created, exercised, or relinquished for a consideration in money or money's worth, but is not a bona fide sale for an adequate and full consideration in money or money's worth, there shall be included in the gross estate only the excess of the fair market value at the time of death of the property otherwise to be included on account of such transaction, over the value of the consideration received therefor by the decedent.

(b) MARITAL RIGHTS NOT TREATED AS CONSIDERATION.—For purposes of this chapter, a relinquishment or promised relinquishment of dower or curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration "in money or money's worth."

time of death, of the property transferred over the value of the consideration received by the decedent. Section 2043(b)[7] specifically provides, however, that a relinquishment of dower or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration "in money or money's worth."

Despite the rather definitive language of section 2043(b), it is somewhat difficult to apply in a given situation because of both its legislative history and the treatment of it in court decisions and respondent's rulings.

Prior to 1932 some courts had recognized that the relinquishment of marital rights in the husband's property was adequate consideration for the husband's agreement to transfer property to his wife; although there was not a unanimity of opinion on the subject. Section 804 of the Revenue Act of 1932 was apparently enacted to clarify this situation by adding the language now appearing in section 2043(b) to the section dealing with claims against an estate. That section denied a deduction for estate tax purposes for claims against the husband's estate by a surviving wife where her claim was based on a "promise or agreement," or contract right, obtained prior to the husband's death, except to the extent contracted bona fide and for an adequate consideration. The provision added to the estate tax law by the Revenue Act of 1932 was that the relinquishment of dower or curtesy, or of other marital rights in the decedent's estate or property shall not be considered to any extent a consideration "in money or money's worth." See S. Rept. No. 665, 72d Cong., 1st Sess., p. 50, 1939–1 C.B. (Part 2) 496, 532; also a discussion of the subject in *Harris* v. *Commissioner*, *supra*, and the dissenting opinion thereto. This provision, which is now section 2043(b), was formerly a part of section 812(b) of the 1939 Code, which dealt only with claims against an estate based on a promise or agreement. It would thus seem that the provision (that relinquishment of marital rights would not be considered adequate compensation) was originally intended to apply only to *claims* against an estate based on a *promise or agreement*. See *Harris* v. *Commissioner*, *supra*.

But in *Merrill* v. *Fahs*, 324 U.S. 308, the Supreme Court held that the gift tax and estate tax should be interpreted "harmoniously," and in effect ruled that the gift tax statute, which contained no such express provision, should be deemed to contain the same provision (now sec. 2043(b)) that Congress had enacted in the estate tax statute. But despite this apparent extension of the scope of this provision by the Supreme Court, respondent limited its applicability to some extent in E.T. 19, 1946–2 C.B. 166, by recognizing that transfers made pursuant to an agreement incident to divorce or legal separation in satisfaction

---

[7] See fn. 6.

858

of the wife's right to *support* will be deemed to have been made for an adequate and full consideration; and the same has been held to be true when the transfer is made in discharge of the husband's obligation to support his minor children. *Chase National Bank* v. *Commissioner*, 225 F. 2d 621, affirming *D. G. McDonald Trust*, 19 T.C. 672; *Estate of Robert Manning McKeon*, 25 T.C. 697.

Also in *Harris* v. *Commissioner, supra,* the Supreme Court held that the relinquishment of marital rights in property under a settlement agreement that was conditional upon the granting of a divorce by a court which had jurisdiction to settle the property rights of the parties in a divorce proceeding constituted adequate and full consideration for the transfer of property so that no gift tax was applicable. The theory relied on was that the divorce decree was the operative fact behind the transfer and not the promise or agreement. This theory was extended into the estate tax field, at least with respect to claims against an estate, in *Estate of Myles C. Watson, supra.* The latter result was also adopted by the Commissioner in Rev. Rul. 60-160, *supra,* wherein he held that in the case in which the divorce court has the power to decree a settlement of all property rights or to vary the terms of a prior settlement agreement, and does approve the agreement, a claim arising out of such agreement is considered founded upon the decree, rather than a promise or agreement, and is allowable as a deduction against the estate, but if the divorce court does not have the power to disregard the settlement agreement, a deduction is allowable only to the extent that the transfer does not exceed the reasonable value of the support rights of the wife.

Thus we find the Supreme Court in *Harris* making an effort to avoid the implications of this provision (sec. 2043(b)) in the gift tax field, even though the transaction involved was a transfer of property rather than a claim against the estate, by finding that the transfer was based on the divorce rather than a promise or agreement of the divorced spouse; and this Court, in *Estate of Myles C. Watson,* applying the same theory to avoid the implications of this provision in deciding whether a claim against an estate was based on a full and adequate consideration. And, in Rev. Rul. 60-160, *supra,* the Commissioner also applied the divorce versus promise or agreement theory in determining whether there is adequate consideration for a wife's claim against the estate. To further confuse the question of the scope of section 2043(b), in transferring the provision from the 1939 Code to the 1954 Code, Congress lifted it out of section 812(b), which deals with claims based on a promise or agreement, and placed it in section 2043, subsection (a) of which deals specifically with transfers under section 2036.

However, it would seem that both a transfer with a retained life estate, and a claim based on a promise or agreement, will be deemed

to be supported by an adequate and full consideration if they spring from a divorce decree, insofar as the decree effectively settles the property rights of the parties who are before the court, even though the wife has only marital rights to give up. But we do not think this "divorce as consideration" theory has yet been extended to provide a consideration for a transfer to third parties, not before the court in the divorce proceeding, simply because the divorce decree requires the transfer. It has been held that the fact that a settlement agreement was incident to a divorce does not necessarily preclude a donative intent for the transfer of property thereunder, nor require that the transfer automatically be deemed to have been for an adequate and full consideration. *Roland M. Hooker*, 10 T.C. 388, affd. 174 F. 2d 863. See *Karl T. Wiedemann*, 26 T.C. 565.

Respondent argues that his position on brief is consistent with Rev. Rul. 60–160 and the above cases. He agrees that the value of Addie's secondary life estate in the property transferred should be excluded from the gross estate because the transfer of this interest was founded upon the divorce decree and there is no need to look into the question of adequate and full consideration with respect thereto. But he argues that the transfer of the remainder interest in the property to decedent's two adult daughters was not founded upon the divorce decree but upon the agreement or consent of decedent for which there was no adequate and full consideration. Petitioner, on the other hand, argues that the entire transfer was made pursuant to a bona fide arm's-length transaction with Addie, and as required by the terms of the divorce decree, and that property so transferred is deemed to be for an adequate consideration, relying on *Estate of Bryan S. Mc-Coy, Sr.*, a Memorandum Opinion of this Court; *Past, Executor v. United States* (S.D. Cal. 1963, 13 A.F.T.R. 2d 1800, 63–2 U.S.T.C. par. 12,189), a District Court decision which was reversed on appeal, *United States v. Past*, 347 F. 2d 7 (C.A. 9, 1965); and upon *United States v. Davis*, 370 U.S. 65, an income tax case. We agree with respondent.

It cannot be determined from the record before us that a settlement agreement was actually entered into by the parties. All we know is that the jury verdict settling the property rights and alimony was drafted by Addie's attorney and submitted to the jury. Decedent, who was interested primarily in getting a divorce, apparently acceded thereto. Actually, neither the jury verdict, the court decree, nor the deed, made any reference to the relinquishment of any rights by Addie. Presumably, the final divorce itself worked a forfeiture of all marital rights Addie had in decedent's property. And presumably the property transferred outright to Addie and the alimony decreed for Addie were accepted by her in lieu of her rights to support and maintenance. And it would appear that the secondary

life estate in the property here involved granted to Addie was to secure her alimony or support for the remainder of her life. There can be no question here that the transfers were founded upon the divorce decree; there is no evidence of a prior promise or agreement. And, under the cases and rulings cited above, to the extent that the transfers were made to Addie in exchange for her right to support and maintenance there can be little doubt that they will be considered to have been made for an adequate and full consideration. The respondent so agrees on brief.

But what consideration passed to decedent for the transfer of the remainder interests in the property here involved to his two adult daughters? They paid decedent nothing, and so far as the record discloses, did not even specifically release any rights they had in his estate as heirs. So far as we can determine from Georgia law, decedent had no obligation to support these daughters after they reached majority and were married, and it is doubtful that the divorce court had jurisdiction to require decedent to transfer any property to these adult children, unless he consented to do so. So the only consideration suggested for the transfer of these interests was that it was bargained for and obtained by Addie during the divorce proceedings and it was transferred pursuant to the divorce decree. In our opinion this alone would not bring it within the exception to section 2036. Furthermore, there is very little evidence that Addie bargained for the transfer to the children.

Section 2036 provides that the value of the gross estate shall include the value of all property transferred by decedent, in which he retained a life estate, "except in case of a bona fide sale for an adequate and full consideration in money or money's worth." This is the only provision we are presently concerned with. The value of the property transferred to the daughters is includable in decedent's gross estate unless it can be brought within the exception. We do not think the divorce decree determining the property rights of decedent and Addie provides the "bona fide sale for an adequate and full consideration" with respect to the transfer to the daughters required to bring it within the exception. See *United States* v. *Past, supra; Karl T. Wiedemann, supra.* To construe the statute as suggested by petitioner would open a means for a divorcing parent to transfer property to his adult children free of both gift tax and estate tax. For if the divorce decree alone provides the adequate and full consideration to exclude this transfer from decedent's gross estate for estate tax purposes, it would surely be considered adequate and full consideration to exclude the transfer from gift tax on the transfer by decedent to the children. And we see little likelihood that a transfer tax, either estate or gift, could be imposed on Addie or her estate when the rights of the children matured at her death, because Addie had no interest in the property except a life

estate. We do not think the courts, which first accepted the relinquishment of marital rights in property pursuant to a divorce decree as adequate consideration for a transfer, intended the theory to be extended that far. *Rosenthal* v. *Commissioner*, 205 F. 2d 505, reversing 17 T.C. 1047 on other grounds; *Roland M. Hooker, supra.* In both of these cases the courts held that provisions made for children beyond the requirements for their support during minority, pursuant to divorce decrees, were without full and adequate consideration and were gifts. The rationale of the *Harris* case was held not to apply to such situations.

In addition, while donative intent is not necessarily involved in the estate tax provision we are concerned with, upon consideration of the circumstances surrounding decedent's transfer of this property and his subsequent actions with respect to his last will, it seems more than likely that petitioner intended to and did make provision for the share of his estate to which his two children of his first marriage might be entitled in acceding to Addie's proposed property settlement. Decedent was planning to remarry at once and while settling up with his first wife it provided a good opportunity to make a final provision for his two daughters by that wife, who presumably were no less objects of his affection than his children by his second wife. And in drafting his last will decedent apparently considered that he had done so, because he made no mention of the adult daughters in his will. Nor, so far as we know, did the daughters make any claims against his estate. The circumstances point to a donative intent on the part of decedent as the basis for his transfer of the remainder interests to his adult daughters, rather than a transfer for full and adequate consideration. The fact that Addie may have requested the provision for the adult daughters does not, standing alone, preclude a donative intent on the part of decedent.

Petitioner also argues that, pursuant to the theory that the estate tax and the gift tax are in *pari materia, Harris* v. *Commissioner, supra,* section 2516 of the gift tax law should be read into the estate tax law, which it claims would make this transfer be deemed to be a transfer for a full and adequate consideration in money or money's worth. The provisions of section 2516 are set out in the footnote below.[8] Without deciding whether section 2516 should be read into

---

[8] SEC. 2516. CERTAIN PROPERTY SETTLEMENTS.

Where husband and wife enter into a written agreement relative to their marital and property rights and divorce occurs within 2 years thereafter (whether or not such agreement is approved by the divorce decree), any transfers of property or interests in property made pursuant to such agreement—

    (1) to either spouse in settlement of his or her marital or property rights, or

    (2) to provide a reasonable allowance for the support of issue of the marriage during minority,

shall be deemed to be transfers made for a full and adequate consideration in money or money's worth.

the estate tax law, the short answer to this contention is that even if we agreed with petitioner it would be of no benefit to it. Section 2516 provides that where husband and wife enter into a written agreement relative to their marital and property rights, and divorce occurs within 2 years thereafter, any transfers of property made pursuant to such agreement (1) to either spouse in settlement of his or her marital or property rights, or (2) to support issue of the marriage during minority, shall be deemed to be transfers for adequate consideration. Here we have no evidence that there was a written agreement or that the transfer of the remainder interests in the property to decedent's children was in settlement of Addie's marital or property rights. As noted above, what evidence we do have points more to a donative intent on the part of decedent with respect to his children. Nor can it be said that the transfer was to provide support for the minor children of the marriage, because both of the daughters were adults.

While in its petition petitioner contended, in the alternative, that if it is held that the effective transfer under the divorce decree did not take place until decedent's death, then the same amount that is includable as an asset of the estate must be allowed as a liability to judgment creditors under the divorce decree, his only argument on this point on brief is that if, in lieu of the actual transfer, decedent had only promised Addie that he would leave her property under his will, then her claim against the estate upon decedent's failure to do so would have been deductible as being for a bona fide and adequate consideration within the purview of section 2043, citing Rev. Rul. 60–160, *supra*, and *Estate of Myles C. Watson, supra.* The cited authorities deal more with claims against an estate under section 2053 and its predecessor, but suffice it to say that decedent did make the transfer and there were no claims against the estate with respect to Addie's rights under the divorce decree that we are aware of. We consider that petitioner has abandoned this alternative contention raised in the petition.

We hold that the value at the time of decedent's death of the remainder interest in the properties transferred to decedent's daughters is includable in decedent's gross estate.

*Decision will be entered under Rule 50.*